WILLIAM COLLINS, Appellant, *v.* J. BARTLETT HYDORN et al., Respondents.

A former judgment concludes a party only in the character in which he was sued, and so, a judgment for or against an executor, administrator, assignee or trustee, as such, presumptively does not preclude him, in an action affecting him personally, from disputing the findings or judgment, although the same questions are involved.

In an action brought by C., a judgment creditor, to set aside certain transfers of real estate made by the debtor and others as fraudulent and void as against creditors, it appeared that one W., also a judgment creditor, had previously brought an action for the same purpose, against the same defendants, pending which he made an assignment for the benefit of his creditors to C., who was substituted as plaintiff therein in his representative capacity. The court in such action having found the transfer to have been made in good faith and valid, judgment was directed and entered in favor of the defendants. The complaint in the former action and in this contained the same allegation as to fraud, and the answers in both were general denials. *Held,* that the former judgment was not a bar or conclusive, by way of estoppel, against plaintiff on the question of fraud.

Also *held,* that the former judgment was not a judgment *in rem,* and so, the rule making such a judgment conclusive against all the world did not apply.

*Collins* v. *Hydorn* (62 Hun, 286), reversed.

(Argued June 10, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 28, 1891, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit without a jury, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. B. Wellington* for appellant. The reversal must be deemed to be upon questions of law only. (Code Civ. Pro. § 1338; *Dorchester* v. *Dorchester,* 121 N. Y. 156.) The order is appealable to this court. (*Raynor* v. *Raynor,* 94 N. Y. 251; *Dorchester* v. *Dorchester,* 121 id. 160.) The alleged former adjudication between William Collins, as assignee, etc., and the defendants, is not available to the defendants upon this appeal. (*E. C. F. Co.* v. *Hersee,* 103 N. Y. 25; *Davis* v. *Leopold,* 87 id. 620.) The decision against William Collins as assignee of George M. Wiswall for the benefit of creditors, is not *res judicata* against William Collins individually. (*W. Bank* v. *Farthing,* 101 N. Y. 348; *Rathbone* v. *Hooney,* 58 id. 467; *Jackson* v. *Mills,* 13 Johns. 463; *Sinclair* v. *Jackson,* 8 Cow. 565; *Jackson* v. *Hoffman,* 9 id. 271; *Jennings* v. *Jones,* 2 Redf. 95; *Elliott* v. *Frakes,* 71 Ind. 412; Bigelow on Est. [5th ed.] 130, 131; *Gukie* v. *K. C. Co.,* 16 Otto, 379; *Van Scott* v. *Prentice,* 104 N. Y. 57.)

*Charles E. Patterson* for respondent. The judgment against William Collins, assignee, in the action brought by George M. Wiswall against the defendants in this action, is *res judicata* upon all questions involved in this action, and is conclusive against the plaintiff's right to recover herein. (*Marston* v. *Swett,* 66 N. Y. 206; Code Civ. Pro. § 1909; *Landon* v. *Townsend,* 112 N. Y. 93; *Jay* v. *De Groot,* 2 Hun, 205; *Pray* v. *Ingraham,* 33 id. 358; *Candee* v. *Lord,* 21 N. Y. 269; *Wallace* v. *Eaton,* 5 How. 99; *Vanderpool* v. *Van Valkenburgh,* 6 N. Y. 190; *Lawrence* v. *Bank of the Republic,* 35 id. 320; *Miller* v. *Hall,* 70 id. 250; *Carpenter*

v. *Osborne*, 102 id. 552; Freeman on Judg. § 606; *Gelston* v. *Hoyt*, 1 Johns. Ch. 543.) Even if it should be held that the General Term based its decision upon an erroneous ground, the judgment of the General Term should be affirmed. (*Ward* v. *Craig*, 87 N. Y. 550; *Sterns* v. *Gage*, 79 id. 102; *Parker* v. *Connor*, 93 id. 118, 128; *Farley* v. *Carpenter*, 27 Hun, 359, 362; *Shultz* v. *Hoagland*, 85 N. Y. 469.)

O'BRIEN, J. The plaintiff, as a judgment creditor of one Elisha W. Hydorn, brought this action against the judgment debtor and his son and son's wife, with others, for the purpose of setting aside certain conveyances and transfers of real estate, made on the 27th day of July, 1885, and a few months before the recovery of the judgment by the father to the son, and through the son to his wife, the defendant Hattie W. Hydorn, on the ground that the conveyances were made for the purpose and with the intent of hindering, delaying and defrauding creditors. The facts and circumstances connected with the transfers which the plaintiff claimed constituted evidence of fraud are quite complicated, and a particular statement of them is not necessary to the determination of the question presented by this appeal. It is enough to say that the court at Special Term after a trial found that the conveyances were made by the grantor therein with the fraudulent intent alleged, when insolvent, and that the defendants, who bring this appeal, participated in the fraud, and judgment was entered declaring the several conveyances and transfers void as to creditors. The General Term reversed the judgment and granted a new trial, and as there is no statement in the order of reversal that it was upon the facts it must be deemed to have been upon some question of law. It appears from the opinion that but a single question was considered, and the judgment of reversal was ordered upon that ground. This question is the principal one discussed at the bar upon the argument of this appeal, and involves the legal effect of a former judgment, not pleaded by the defendants in bar, but claimed to be conclusive evidence for them

on the question of fraud. (*Marston* v. *Sweet*, 66 N. Y. 206, 211.) The findings with respect to this judgment, as well as the requests to find, are very imperfect, and it will, therefore, be more favorable for the defendants to take the facts in regard to it from the opinion of the General Term. The only parties that appealed to that court were the defendants J. Bartlett Hydorn and his wife, the son and the daughter-in-law of the judgment debtor. This action was commenced in January, 1887. About the same time one Wiswall, another judgment creditor, brought an action against the same defendants for the same purpose, and upon the same allegations as are disclosed by the complaint in this case. The answer tendered the same issue, namely, a denial of all fraud, and an allegation that the same conveyances as are attacked in this case were made in good faith and without any fraudulent intent. Pending the action the plaintiff Wiswall made an assignment for the benefit of his creditors to William Collins, the plaintiff in this action, who was substituted as plaintiff in his representative capacity in the place of his assignor, the original party. The cause was brought to trial, and in March, 1890, the court rendered a decision in favor of the defendants. The court found as matter of fact that the conveyances were made upon a good consideration and without fraud, and received by the grantees therein without any fraudulent intent or knowledge of any such intent on the part of the grantor and upon a good consideration, and the Special Term directed the dismissal of the complaint.

Upon these findings judgment for the defendants and for costs was entered. On appeal the judgment was affirmed at the General Term and subsequently in the second division of this court. There is no doubt that the question decided in that case is identical with the one presented by the pleadings in this, and decided at Special Term the other way, and if the parties are, in law, the same, the General Term was unquestionably right, and this appeal cannot be sustained. But the plaintiff was a party to the former suit in his representative capacity, as trustee for creditors, while in this he prosecutes in

his own right. In the former suit he represented and acted for the creditors of Wiswall. In this he is seeking, as an individual, to enforce collection of a debt of his own. When the plaintiff became the statutory assignee of Wiswell he found the suit pending and could have continued its prosecution in the name of the original plaintiff, without making any change in the record. Would it be held then, after the same result, that the judgment would operate as a bar to this suit, or as evidence, simply because, in the discharge of his duty as a trustee for others, he stood behind the litigation; and if not how is the result changed by the fact that he became on his own motion, or on that of the defendants, a party to the record, in his representative capacity. A party may be bound by a former judgment on the principle of representation though not a party by name. (*Ashton* v. *City of Rochester*, 133 N. Y. 187.)

But the mere fact that the same persons are litigants in the two actions is not always sufficient to satisfy the rule of *res adjudicata*. The same person may in law be considered another person, and consequently another party, by suing in another capacity. (Wells on Res Adjudicata, p. 16, § 21.)

It was held by this court in *Rathbone* v. *Hooney* (58 N. Y. 467), that a judgment against a party, sued as an individual, is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character. In the latter case he is in contemplation of law a distinct person and a stranger to the prior proceeding and judgment. This proposition is sustained by the authorities there cited. Substantially the same point was decided in a more recent case where it was held that a bankrupt's equity of redemption in land, was not barred by a judgment of foreclosure of a mortgage, to which it was subject, though his assignee was a party to it in his individual, but not in his official or representative capacity. (*Landon* v. *Townshend*, 112 N. Y. 93.) The rule is that a former judgment concludes the party only in the character in which he was sued and, therefore, a judgment for or against an executor, administrator, assignee or trustee as such presumptively

does not preclude him, in a different cause of action affecting him personally from disputing the findings or judgment though the same questions are involved.  (Bigelow on Estoppel [5th ed], pp 130, 131.)

Had the plaintiff in this case succeeded as assignee for creditors in the former suit, upon a finding that the conveyances were fraudulent, the judgment would not conclude the defendants in this case, in which the plaintiff prosecutes in another character or capacity, and, therefore, the plaintiff is not concluded by a judgment against him as estoppels must be mutual.  The plaintiff now prosecuting in his own proper person, representing only his interest as an individual, is not concluded by the prior judgment against him in a representative character because he must now be regarded in law as a different person and a stranger to the former suit.  (2 Black on Judgments, § 536 ; 2 Phillips on Ev. [3d ed.] pp. 8, 9, chap. 1, § 1, sub. 1 ; *Dutchess of Kingston Case,* 2 S. L. C. [7th ed.] p. 792 ; *Leggett* v. *G. N. R. Co.,* L. R. [1 Q. B. Div.] p. 606 ; *Lander* v. *Arno,* 65 Maine, 26.)

The judgment of reversal cannot, therefore, be upheld upon the ground taken at the General Term.  It is suggested that the finding of fraud by the trial court is not sustained by any evidence and as the court below should have reversed upon that ground the point is available here to support the judgment.  We think that the facts and circumstances proved at the trial justified the findings and conclusion.  It would be difficult in the absence of explanation to hold that the numerous and complicated transfers of property by the judgment debtor when insolvent to members of his own family followed by agreements and instruments on their part by which the use or income of the property, or at least a portion of it, was secured to him were made in good faith and without any intent to hinder, delay or defraud creditors.  What evidence was before the court on the former trial, upon which contrary findings were made, we are not informed by the record.  It is possible that the defendants in this case may have relied upon the record of the former judgment as conclusive in their favor

and omitted evidence in explanation of the transactions that was before the court on the other trial. However that may be, we cannot hold that the findings in this case are without any evidence to sustain them. Nor do we think that the rule applicable to judgments *in rem* can be invoked to uphold the decision below. With respect to such judgments the general rule no doubt is that they are conclusive upon all the world as they adjudge the status of some particular thing. Without attempting to define the cases to which the rule is applicable, it is clear that the judgment against the plaintiff as assignee, is not one of them. It was not a judgment *in rem*. It adjudged a disputed question of fact, namely, that certain conveyances to the defendants by the judgment debtor, were made in good faith. It determined the intent of the parties to certain written instruments, when they were made, and from this followed the legal conclusion that the plaintiff had no cause of action, and is governed by the ordinary rule applicable to former judgments in courts of law and equity. The order of the General Term should be reversed and the judgment of the Special Term affirmed with costs.

All concur.

Judgment accordingly.