BRIDGET FURLONG, Appellant, *v.* JUSTUS L. BANTA and Another, Respondents.

*A judgment concludes a party only in the character in which he was sued.*

To render a judgment roll admissible in evidence, for the purpose of concluding the parties as to the facts litigated in a former action, it is not sufficient that the facts or issues should be the same in both actions; in addition thereto, the parties in the second action must have been parties in the first action, or their privies, and the judgment therein must be conclusive as to both parties.

A former judgment concludes the party only in the character in which he was sued, and, therefore, a judgment for or against an executor, administrator, assignee or trustee, as such, does not necessarily preclude him, in a different cause of action affecting him personally, from disputing the findings or judgment although the same questions are involved.

In an action brought to recover damages for the death of the plaintiff's child while in the employ of the defendants, caused by the alleged negligence of the defendants, the judgment roll in an action brought by the plaintiff as *guardian ad litem* of the child thus injured against the same defendants because of the same injuries, which resulted in favor of the plaintiff, is not admissible in evidence in the second action for the purpose of showing that the defendants were guilty of negligence in causing the injuries to the plaintiff's deceased child, and that the child was not guilty of contributory negligence.

APPEAL by the plaintiff, Bridget Furlong, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Montgomery on the 22d day of January, 1894, upon the verdict of a jury, rendered after a trial at the Montgomery Circuit, dismissing the plaintiff's complaint upon the

merits, and also from an order entered in said clerk's office on the 22d day of January, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*Z. S. Westbrook*, for the appellant.

*Chas. S. Nisbet*, for the respondents.

HERRICK, J. :

This is an appeal from a judgment entered upon the verdict of a jury in favor of the defendants.

The appellant, the mother of one Joseph M. Furlong, an infant, brought an action against the defendants to recover damages for the loss of the services of her infant son by reason of injuries received by him while in the employ of the defendants, which injuries it is alleged occurred through the negligence of defendants.

Upon the trial it appeared that the appellant, as guardian *ad litem* tor her said infant son, had recovered a judgment against the defendants in behalf of her said son for the same injuries suffered through the same accident.

Upon the trial in this action appellant's counsel offered in evidence the judgment roll in the former action for the purpose of showing that the defendants were guilty of negligence in causing the injury to Joseph M. Furlong, and also that he was not guilty of contributory negligence.

The court refused to receive the judgment roll in evidence, to which the appellant excepted, and the principal question argued before us upon this appeal was the ruling of the court in refusing to admit such judgment roll in evidence upon the trial.

To render a judgment roll admissible in evidence for the purpose of concluding the parties as to the facts litigated in the former action, it is not sufficient that the facts or issue should be the same in both actions; in addition thereto, the parties in the second action must have been parties in the first action, or their privies, and the judgment therein conclusive as to both parties, the judgment being received in evidence on the principle of estoppel, to which it is essential that it should be mutual. (*Booth* v. *Powers et al.*, 56 N. Y. 22.)

If the former action in which the appellant was the party as *guardian ad litem*, had resulted in a judgment against her and in favor of the present defendants, I do not think that it would have prevented her maintaining an action in her own behalf for the loss of the services of her son, for "the rule is, that a former judgment concludes the party only in the character in which he was sued; and, therefore, a judgment for or against an executor, administrator, assignee or trustee, as such, presumptively does not preclude him in a different cause of action, affecting him personally, from disputing the findings or judgment, though the same questions are involved." (*Collins* v. *Hydorn et al.*, 135 N. Y. 320.)

If the appellant would not be bound by a judgment against her in the former action, it does not seem to me that the defendants are bound in this action by the judgment against them in the said former action; the estoppel is not mutual.

I do not undertake at this time to say that a judgment roll like the one in question is not admissible in evidence for any purpose between parties situated in relation thereto as are the parties to this action, but simply pass upon its admissibility in evidence for the purposes for which it was offered upon the trial in this action.

The exceptions to the rejection of the testimony of the witness Liddell I do not think can be sustained upon this appeal, for the reason that all the evidence in the case is not before us, and there is, therefore, nothing by which we are able to say that the exclusion of such evidence was harmful to the appellant.

There may have been an abundance of other evidence in the case upon the same subject; and, therefore, if for no other reason, we should refuse to reverse the judgment for the error complained of in that behalf.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.