MORTIMER D. BUMPUS, Appellant, *v.* ELECTA A. BUMPUS, Respondent.

*Circumstances surrounding the testator, at the time of the execution of a will, considered in the determination of his intention — what provisions create a life estate.*

For the purpose of arriving at the intention of a testator, the circumstances surrounding him when he made his will, such as the situation of his family and the nature and value of his estate, may be considered, not for the purpose of putting new language into the will, but to get out of the language the sense which the testator really meant to embody therein.

The following was a clause in a testator's will:

"*First.* I give and bequeath unto my lawful wife, Electa A. Bumpus, the possession and management, to control, use, income, rents and profits for and during her natural life of all my real and personal estate, goods and chattels, wheresoever the same may be and is situated, and of what kind or nature soever, to use the same or to dispose of at her will or pleasure after my decease."

No other bequests or devises were made by such will, in which the testator's wife and son were named as "executors or administrators."

It was shown upon the trial of an action brought for the construction of such will that it was drawn by the testator, who was at that time seventy-two years of age, his wife being about sixty-seven. His son, who was his only child, was

then married and had one or two children and little or no property, and depended somewhat on his father for support. His father had given him about $2,000 in property about three years before, which had been mainly lost in business. At the testator's death he was seized of real estate, admitted by the answer to be of the value of $5,000 and found to be worth $3,500, consisting in part of two houses and lots. It appeared from the inventory of the estate that the testator's personal property amounted to about $4,700. There had been no accounting by the executors nor any settlement of the estate.

*Held,* that the beneficial interest of the testator's widow under the will was limited to the use, income, rents and profits of the testator's property for and during her natural life;

That she has no right to dispose of the fee of the real estate, or to use up the principal of the personal estate remaining after the payment of the testator's debts and the expenses incurred in the administration of his estate.

APPEAL by the plaintiff, Mortimer D. Bumpus, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oswego on the 27th day of December, 1892, upon the decision of the court rendered after a trial at the Oswego Special Term.

*D. A. King,* for the appellant.

*S. C. Huntington, Jr.,* for the respondent.

MERWIN, J. :

This action is brought for the construction of the will of Thomas J. Bumpus, who died on the 21st day of February, 1891. The plaintiff is the sole heir and next of kin of the deceased and the defendant is the widow. He left a will, which is dated January 20, 1881, and which was duly admitted to probate in the Surrogate's Court of Oswego county on March 4, 1891, and letters testamentary duly issued to the executors therein named.

The will reads as follows :

"Know all men by these presents that I Thomas J. Bumpus of the village of Pulaski, in the county of Oswego and State of New York being in my seventy-third year of age considering the uncertainty of this mortal life and being of sound mind and memory do make and publish this my last will and testament in manner and form following.

"*First.* I give and bequeath unto my lawful wife Electa A. Bumpus the possession and management to control use income

rents and profits for and during her natural life of all my real and personal estate goods and chattels wheresoever the same may be and is situated and of what kind or nature soever to use the same or to dispose of at her will or pleasure after my decease.

"And I Thomas J. Bumpus do appoint Electa A. Bumpus my lawful wife and Mortimer Delevan Bumpus my lawful and only son as executors or administrators.

"I hereby revoke all former wills by me made.

"In witness whereof I have hereunto set my hand and seal this twentieth day of January in the year of our Lord one thousand eight hundred and eighty-one.

"THOMAS J. BUMPUS [L. S.]"

The attestation clause is in due form and there are two subscribing witnesses, one of whom is the plaintiff.

The claim of the plaintiff is that the interest of the defendant in the property of the estate is limited to a life estate in the income and profits, and that she has not the right to dispose of the principal of the personal estate or the fee of the real estate, and is not entitled to the possession or custody of the property. The defendant claims that under the will she became the sole and absolute owner of the estate, upon the theory that a gift of the use during life, with an absolute power of disposition is, in effect, a devise in fee of the real estate and an unqualified bequest of the personal property. It was held by the Special Term that under the will the defendant had the right to the possession and management of the property; that her interest or right in the property was not limited to the income, but that she was entitled to have, use and dispose of any portion of the estate that might be necessary for her support and maintenance; that she has and possesses "the full and unlimited power and right to sell, assign, convey, dispose of in any manner that she may deem proper at her own will and pleasure (except by last will and testament) any and all of the estate, both real and personal, of which said T. J. Bumpus, her late husband, was the owner at the time of his death, without giving any bond or security in any form in regard to said, or any disposition of said estate to be made by her, or in regard to use, preservation, occupancy or control of the same."

The main question here is over the effect to be given to the expression, "to use the same or to dispose of at her will or pleasure

after my decease." Does this refer to the body of the estate, real and personal, or only to the use or income? It is a question of intention, to be derived from the will itself in the light of such sur· rounding circumstances as may be properly considered. In *Stimson* v. *Vroman* (99 N. Y. 79) it is said that for the purpose of arriving at the intention "we may consider all the circumstances surrounding the testator when he made the will, such as the situation of his family and the nature and value of his estate, not to put new language into the will, but to get out of the language the sense which the testator really meant to embody therein." The declarations of the testator on this subject were not competent. (*Reynolds* v. *Robinson,* 82 N. Y. 106.)

The will in question was drawn by the testator himself. He was then about seventy-two years old, and his wife was about sixty-seven. The plaintiff was the only child and he was married and had one or two children, and had then little or no property and was dependent somewhat on his father for support. His father had given him ·about $2,000 in property about three years before, which had been mainly lost in business. It does not appear what amount of property the testator had at the time of making his will. At his death there was real estate, in value, as admitted by the answer, of about $5,000, consisting in part of two houses and lots. In the findings the real estate is found to be worth about $3,500. There is personal property, as shown by the inventory filed, to the amount of about $4,700, but it does not appear how much has been or may be used up in the payment of debts and expenses. It does not appear that there has ever been any accounting by the executors or settlement of the estate. The executors as such are not parties to this action.

Looking now to the will, we find that the testator gave to his wife "the possession and management" of all his property, for the purpose of enabling her "to control use income rents and profits for and during her natural life." Having thus placed in her hands during her life the "use income rents and profits," he then says, "to use the same or to dispose of at her will or pleasure." The words "the same" refer, we think, to the income and profits, and not to the body of the estate. This would indicate that the interest of the defendant was limited to a life estate, without power to dis-

pose of the fee of the real estate, or use up the principal of the personal estate which would remain after the payment of the debts and the expenses of administration. There is nothing in the surrounding circumstances that authorizes us to reject this conclusion. The fact that the income may not, in the opinion of the defendant, be sufficient to support her does not affect the question. Nor does a finding, as a question of fact, that the testator intended that his wife might, if necessary, use of the principal, control the matter. What the will shall be construed to mean is a question of law.

It is argued on the part of the defendant that the presumption is that the testator, having undertaken to make a will, meant to dispose finally of all his property, and that this presumption should aid her view of the case. On the other hand, it is argued by the plaintiff that the presumption is against an intention to disinherit the heir, and that this assists his view of the case. These presumptions do not in the present case help us.

A more pertinent suggestion is that the testator, if he had intended to give his wife all his property, or that she should have power to use up the body of the estate for her support if necessary, could have readily said so.

The more natural interpretation of the will as it stands is that the testator intended that his wife, as long as she lived, should have the possession and management of the whole, doing with the income what she pleased, and that at her death the law should regulate the succession.

The decision of the Special Term, so far as it was held that the defendant under the will was entitled to the possession and management of the property, or rather what might remain after the payment of debts and expenses, should not be disturbed. It was also in effect held that the plaintiff had not made a case for taking the property out of the defendant's hands or requiring her to give security. This finding should not be disturbed, especially in view of the fact that apparently there has been no settlement of the estate or accounting by the executors. The executors as such are not parties, and a judgment here might not conclude the personal representatives of the estate. (*Collins* v. *Hydorn*, 135 N. Y. 324.) In *Rathbone* v. *Hooney* (58 id. 463) it was held that a judgment against a party sued as an individual is not an estoppel in a subse-

quent action in which he sues, or is sued, in a representative capacity. The defendant as executrix filed an inventory. If she as executrix does not properly account for the property the plaintiff has a remedy in the proper tribunal.

It follows that the judgment appealed from should be modified by declaring that the beneficiary interest of the defendant under the will is limited to the use, income, rents and profits of the property for and during her natural life, and that she has no right to dispose of the fee of the real estate, or use up the principal of the personal estate, being what may remain after the payment of debts and expenses. The decree should also be modified by striking therefrom the award of costs. As modified the judgment should be affirmed, without costs of the appeal to either party.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment modified as stated in the opinion, and as modified affirmed, without costs of appeal to either party.