motion, are not conclusive against plaintiff's right to recover, as he may, notwithstanding such admissions, prove that defendant was negligent, and that he was free from contributory negligence.

Appeal from trial term.

Action by Max Taube against the Dry-Dock, East Broadway & Battery Railroad Company. From an order setting aside a verdict in favor of defendant, and granting a new trial, defendant appeals. Affirmed.

The opinion of FITZSIMONS, J., at trial term, is as follows:

Defendant's counsel requested me to charge "that if the jury believe that the plaintiff made to Drs. Muscovitz and Michol the admission that has been proven in this case,—that he was getting off the car while it was in motion, and before it stopped,—that defendant is entitled to a verdict." I charged: "If he made that admission, and the jury believed it [i. e. that he made this admission], I charge you that in that event the verdict would have to be in favor of defendant." In effect, I charged that although, if the jury believed that plaintiff was entitled to a verdict because of defendant's negligence, and his freedom from contributory negligence, yet their verdict must be for defendant, if they believed that defendant stated to Drs. Muscovitz and Michol that he was injured by getting off the car while it was in motion. It seems to me that it is not necessary to cite any authorities, or indulge in any argument, to prove the error of such direction. Error is apparent on its face. Surely, the mere admission referred to, made out of court, could not have defeated a recovery by plaintiff of a verdict herein, providing he proved defendant's negligence, and that he was free from contributory negligence. Yet I so charged, and for that reason a new trial must be granted. Settle order upon notice.

Argued before EHRLICH, C. J., and VAN WYCK and Mc-CARTHY, JJ.

John M. Scribner, for appellant.
Grossman & Vorhaus, for respondent.

VAN WYCK, J. The order appealed from is affirmed, on the opinion of the trial justice filed February 19, 1895. All concur.

---

(12 Misc. Rep. 211.)

GERSTEIN v. FISHER.

(Superior Court of New York City, Special Term. April, 1895.)

JUDGMENT—RES JUDICATA.
      A judgment in an action by a father, as guardian ad litem of his infant son, to recover for personal injuries, is not conclusive in an action by the father to recover for the loss of his son's services because of the same injuries.

Action by Israel Gerstein against Robert W. Fisher to recover damages for the loss of the services of plaintiff's son. Defendant moves for leave to serve a supplemental answer. Denied.

Louis Steckler, for plaintiff.
O. H. Bogart, for defendant.

GILDERSLEEVE, J. This is a motion for leave to serve a supplemental answer. The plaintiff herein sues for damages for loss of services of his son, who has been injured through the alleged

negligence of defendant. Subsequently to the joining of issue herein, another action, in which plaintiff sues as guardian ad litem of his said son for damages arising from the same cause of action, has been brought to trial, and judgment rendered for defendant. This judgment the defendant desires to set up in his supplemental answer. While it is true that in general the proposed supplemental pleading is not passed upon on a motion for leave to serve it, if the motion is timely made, and made in good faith, still, if the proposed defense is manifestly frivolous or immaterial, the court is justified in denying the motion. See Williams v. Hays (Sup.) 5 N. Y. Supp. 667. In the case before me, it seems to me that the proposed defense is absolutely inadmissible, inasmuch as the parties are not the same in this case as in the other case, in which the judgment was obtained. It is true that the causes of action arise from the same injury, but that is not sufficient to make the judgment obtained in that action a defense in the case at bar. Furlong v. Banta, 80 Hun, 248, 29 N. Y. Supp. 985. In the first action the plaintiff sues as guardian ad litem for his son, while in the present case he sues individually. A former judgment concludes the party only in the character in which he sues, and a judgment for or against him as guardian ad litem does not necessarily preclude him, in an action affecting him personally, from disputing the findings or judgment, although the same questions are involved. See Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69; Furlong v. Banta, 80 Hun, 248, 29 N. Y. Supp. 985. The mere fact that the same persons are litigants in the two actions is not sufficient always to satisfy the rule of res adjudicata, for the same person may in law be considered another person, and consequently another party, by suing in another capacity. Collins v. Hydorn, supra. It therefore seems to me that this motion must be denied, on the ground that the proposed defense is immaterial and frivolous. Motion denied, with $10 costs.