Gildersleeve, J.
This is a motion for leave to serve a supplemental answer. _ The plaintiff herein sues for damages for loss of services of his son, who has been injured through the alleged negligence of defendant. Subsequently to the joining of issue herein, another action, in which plaintiff sues as guardian ad litem of his said son for damages arising from the same cause of action, has been brought to trial, and judgment rendered for defendant This judgment the defendant desires to set up in his supplemental answer. While it is true that in general the proposed supplemental pleading is not passed upon on a motion for leave to serve it, if the motion is timely made, and made in good faith, still, if the proposed defense is manifestly frivolous or immaterial, the court is justified in denying the motion. See Williams v. Hays, 23 St. Rep. 489. In the case before me, it seems to me that the proposed defense is absolutely inadmissible, inasmuch o's the parties are not the same in this case as in the other case, in which the judgment was obtained. It is true that the causes of action arise from the same injury, but that is not sufficient to make the judgment obtained in that action a defense in the case at bar. Furlong v. Banta, 80 Hun, 248 ; 61 St. Rep. 253. In the first action the plaintiff sues as guardian ad litem for his son, while in the present case he sues individually. A former judgment concludes the party only in the character in which he sues, and a judgment for or against him as guardian ad litem does not necessarily preclude him, in an action affecting him personally, from disputing the findings or judgment, although the same questions are involved. See Collins v. Hydorn, 135 N. Y. 320 : 48 St. Rep. 370; Furlong v. *825 Banta, 80 Hun, 248 ; 61 St. Rep. 253. The mere fact that the same persons are litigants in the two actions is not sufficient always to satisfy the rule of res adjudícala, for the same person may in law be considered another person, and consequently another party, by suing in another capacity. Collins v. Hydorn, supra. In therefore seems to me that this motion must be denied, on the ground that the proposed defense is immaterial and frivolous.
Motion denied, with $10 costs.