(40 Misc. Rep. 675.)

### HATFIELD v. McGINNISS.

(Supreme Court, Appellate Term. May, 1903.)

1. ACTION BY HUSBAND—INJURIES TO WIFE—JUDGMENT IN FAVOR OF WIFE—ADMISSIBILITY.

A judgment rendered in favor of a wife in an action by her for personal injuries is inadmissible in evidence in an action by the husband for the recovery for the loss of the services of the wife and for expenses for medical treatment incurred by reason of the injuries.

Appeal from City Court of New York, General Term.

Action by Edward Hatfield against Arthur F. McGinniss. From an order striking out the eighth paragraph of the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

J. Philip Berg, for appellant.

Isaac & Jacob Fromme (Jacob Fromme, of counsel), for respondent.

FREEDMAN, P. J. The action is brought to recover damages alleged to have been sustained by the plaintiff by reason of the loss of the services of his wife and of expenses incurred for medical attendance upon her after personal injuries inflicted upon said wife

through the negligence of the defendant. The eighth paragraph of the complaint averred that in another action the wife, after a trial upon the merits, recovered a judgment against the defendant for her personal damages, and that no appeal was ever taken from said judgment. This paragraph was properly stricken out. The rule is that a judgment in one action cannot be given in evidence on the trial of another, unless the parties are the same, or there is a privity of blood, representation, estate, or law between one of the parties to it and the persons against whom it is sought to be introduced. Against such parties or privies it is then received on the principle of estoppel to which it is essential that it should be mutual. Booth v. Powers, 56 N. Y. 22.

In the case at bar the plaintiff was not a party to the wife's suit, nor is he privy to the wife in any of the respects above mentioned. Neeson v. City of Troy, 29 Hun, 173. So it has been held that a judgment concludes a party only in the character in which he was sued, and that a judgment recovered by a mother, as guardian ad litem for her infant son, against the defendant in behalf of her son for injuries sustained by him through the negligence of the defendant, was not admissible in evidence against the defendant in another action brought by the mother for the recovery of damages sustained by her in the loss of the services of her infant son, occasioned by the same injuries suffered through the same accident. Furlong v. Banta, 80 Hun, 248, 29 N. Y. Supp. 985. To the same effect are Gerstein v. Fisher, 12 Misc. Rep. 211, 33 N. Y. Supp. 1120; Malsky v. Schumacher, 7 Misc. Rep. 8, 27 N. Y. Supp. 331. The case of Anderson v. Third Ave. R. R. Co., 9 Daly, 487, upon which plaintiff relies, has been disregarded and practically overruled. Malsky v. Schumacher, 7 Misc. Rep. 8, 27 N. Y. Supp. 331; Gerstein v. Fisher, 14 Misc. Rep. 644, 35 N. Y. Supp. 1107. The recent case of Cahnmann v. Metropolitan St. R. Co., 37 Misc. Rep. 475, 75 N. Y. Supp. 970, does not help the plaintiff, because in that case both the plaintiff and the defendant had been parties to the prior action, and hence the fact that there was an additional party plaintiff in the second action was held not material. The case of Gray v. Brooklyn Heights R. R. Co., 72 App. Div. 454, 76 N. Y. Supp. 24, has also no application to the question at bar, because in that case the action of the husband and the action of the wife were tried at the same time before the same jury, and submitted together upon the same evidence. The order appealed from should be affirmed, with costs.

Order affirmed, with costs. All concur.