(49 Misc. Rep. 102)

### THOMPSON v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. December 21, 1905.)

USURY—TO WHOM AVAILABLE AS DEFENSE.

The defense of usury is personal to the borrower, and hence, in an action against a corporation to recover wages of its employés, assigned to plaintiff as security for certain notes, defendant could not defend on the ground that the notes were usurious.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Usury, §§ 364, 369.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Myrtle M. Thompson against the Interborough Rapid Transit Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Charles A. Gardiner (Theodore L. Waugh, of counsel), for appellant.

Frank B. Pierce, for respondent.

SCOTT, P. J. In so far as the assignments made by the defendant's employés purport to transfer wages yet to be earned, the argument that they are void as against public policy is very persuasive. In view of the quasi public character of the defendant corporation; the necessary dependence of the public on the fidelity and alertness of its employés; and the strict supervision exercised over its management by the state; the reasoning, which denies assignability to the fees and salaries of public officers (Bliss v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273; Bowery Nat. Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855, 9 L. R. A. 706, 19 Am. St. Rep. 507) and to the commissioners of executors (In re Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97) would seem to have much applicability to the unearned wages of the defendant's employés. The difficulty with the argument, however, is that no such question is raised by this judgment.

Although the assignments sued upon purported to cover unearned as well as earned wages, the plaintiff carefully limited his demand for judgment to the amount which was shown to be actually due to each assignor at the time the assignment was made, and the judgment is only for such amounts. The notes were made in Rhode Island, and were to be paid there. It does not appear that they were usurious there, and if they were, this defendant cannot defend on that ground, since that defense is personal to the borrower. The statute (chapter 77, p. 156, Laws 1904) was not violated. Its principal purpose appears to have been that prompt notice should be given to the employer of the assignment of wages. Such notice was given as soon as the assignment was made.

That the arrangement entered into by defendant's employés was improvident, and laid them open to gross extortion, cannot be questioned, and it may be surmised that O'Reilly was the agent, and in effect the alter ego of Courtwright, so that the agreement to assign the wages as security was made at the same time that the loan or advance was made, and that so far as the employés were concerned they virtually assigned their wages when they executed the power of attorney to O'Reilly. This, however, is only a matter of surmise and does not appear in the case.

As the record stands we feel constrained to affirm the judgment with costs.

BISCHOFF, J., concurs.    MacLEAN, J., taking no part.