(71 Misc. Rep. 126.)

## THOMPSON v. GIMBEL BROS.

(Supreme Court, Appellate Term. February 16, 1911.)

1. ASSIGNMENTS (§ 57*) — FUTURE WAGES — NOTICE TO EMPLOYER — "AGREEMENT."

Personal Property Law (Consol. Laws, c. 41) § 42, requires lenders of money to employés on salaries on an assignment or note to file within three days with the employers a copy of the agreement, assignment, or note. An employé gave a power of attorney to execute a note in his name for a loan and to assign a part of his salary. The attorney executed a note in the name of the employé and delivered it to the lender, who with the third person commenced business at the same time and occupied the same offices, and the third person, who paid no rent, negotiated notes only for the lender. The making of the note and the advance of the money were simultaneous acts. Held, that the note and the power of attorney were, when construed together, an agreement within the statute, and the failure to deliver to the employer a copy thereof within three days defeated an action against the employer.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 116–120; Dec. Dig. § 57.*

For other definitions, see Words and Phrases, vol. 1, pp. 282–284.]

2. STATUTES (§ 206*)—CONSTRUCTION—MEANING OF WORDS.

The court in construing a statute must, if possible, give effect to all the language thereof.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 283; Dec. Dig. § 206.*]

3. STATUTES (§ 184*)—CONSTRUCTION—LEGISLATIVE INTENT.

The court in construing a statute must give effect to the purpose of the Legislature.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 262; Dec. Dig. § 184.*]

4. COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION.

An action on an assignment of only a part of the wages of an employé for one or more separate weeks is not within the jurisdiction of the Municipal Court, requiring a court with equity powers.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 188.*]

5. ASSIGNMENTS (§ 129*)—ASSIGNMENT OF PART OF WAGES—ACTIONS—PARTIES.

An action under an assignment of a part of the wages of an employé for one or more separate weeks requires the presence of the assignor as a party.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 213–219; Dec. Dig. § 129.*]

6. ASSIGNMENTS (§ 12*)—VALIDITY—EXISTENCE OF SUBJECT-MATTER.

The subject-matter of an assignment must have at least a potential existence to render the assignment valid, and an assignment of wages not earned by assignors, who were not employed by the employer, is invalid.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 20; Dec. Dig. § 12.*]

7. ASSIGNMENTS (§ 134*)—ACTIONS—EVIDENCE.

Where an assignment of wages executed under a power of attorney given by an employé was given under a valid agreement at the time of the making of the loan to the employé to give further security if sufficient funds were not obtained from the original security, there could be no recovery against the employer on the assignment without proof of the agreement, of the security given at the time of the loan, and of the disposition made thereof.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 229–231; Dec. Dig. § 134.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Myrtle M. Thompson against Gimbel Bros. From a judgment for defendant rendered in the Municipal Court of the City of New York, plaintiff appeals. Affirmed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Frederick H. Cunningham, for appellant.

Gallert & Heilborn, for respondent.

HENDRICK, J. Five of the seven causes of action are founded on promissory notes signed by an attorney in fact representing five employés at defendant's store in Philadelphia. All the notes bear excessive interest, which varies, as computed by defendant's attorneys, from 175 to 390 per cent. per annum. By chapter 77 of the Laws of 1904, which is now section 42 of the personal property law, the Legislature of this state passed "An act to require lenders of money on salaries of employés to file with employers a copy of agreement or assignment under which claim is made." The following is a copy of the act:

"Section 1. Any person or persons, firm, corporation or company, who shall, after March 18th, 1904, make to any employé an advance of money, or loan, on account of salary or wages due or to be earned in the future by such individual, upon an assignment or note covering such loans or advances, shall not acquire any right to collect or attach the same while in the possession or control of the employer, unless within a period of three days after the execu-

---

tion of such assignment or notes and the making of such loan or loans, the party making such loan and taking such assignment shall have filed with the employer or employers of the individual so assigning his present or prospective salary or wages, a duly authenticated copy of such agreement or assignment or notes under which the claim is made.

"Sec. 2. No action shall be maintained in any of the courts of this state, brought by the holder of any such contract, assignment or notes, given by an employé for moneys loaned on account of salary or wages, in which it is sought to charge in any manner the employer or employers, unless it shall appear to the satisfaction of the court that a copy of such agreement, assignment or notes, together with a notice of lien, was duly filed with the employer or employers of the person making such agreement, assignment or notes by the person or persons, corporation or company making said loan within three days after the said loan was made and the said agreement, assignment or notes were given."

If the lenders in this case had lent money to the employés named in the complaint on promissory notes, of which notice had been given to defendant within three days thereafter, there could have been no defense. Instead of this simple procedure, the lenders resorted to the following device: The employé at Philadelphia executed a power of attorney to one Stella Blanding of Portland, Me. She signed a note in the name of the employé and delivered it to N. W. Hasten Company of the same place. A check was forthwith mailed to the employé. Some weeks or months later, after default and protest of the note, Blanding under her power of attorney executed to N. W. Hasten Company an assignment of a portion of the employé's salary. Within three days thereafter they mailed a copy of the assignment and a notice of lien to the employer.

One of the defenses is that the notice to the employer was not filed within three days from the time of the loan. All the facts are agreed upon. There does not seem to be much room for disagreement as to the meaning of the statute:

"No action shall be maintained * * * unless * * * a copy of such agreement, assignment or notes, together with a notice of lien, was duly filed with the employer * * * within three days after the said loan was made and the said agreement, assignments or notes were given."

The notes were made and the checks were delivered at practically the same hour. The copies of notes were never filed and the notices were not filed until the assignments were executed by the attorney in fact, long after the period of three days had expired. The inhibition of the statute therefore seems to attach that "no action shall be maintained." It seems to us that one of the purposes of the statute was to minimize the evils of these extortionate loans by taking from the lender the means of coercion. Notice to the employer immediately after the loan is made and the note is given would tend to this result.

We have been cited to the cases of Thompson v. Interborough Rapid Transit Co., 49 Misc. Rep. 102, 96 N. Y. Supp. 416, and Union Credit & Investment Co. v. The Union Stockyard & Market Co., 46 Misc. Rep. 431, 92 N. Y. Supp. 269. The first case cited decided a question similar to the one at bar, and, unless it can be distinguished, we must arrive at the same conclusion as was reached therein. In that case the effect of a failure to file a copy of the agreement or of the notes was not considered. The assignment only was under considera-

tion. In the present case the making of the note and the advance of the money were practically simultaneous acts. That brings the case clearly within the letter of the inhibition:

"No action shall be maintained, unless a copy of such notes, together with a notice of lien, was duly filed."

Perhaps it may be argued with some force that the words "agreement" and "notes" in the inhibition are without effect because the "notice of lien" can be filed only in connection with an assignment. As a general rule notes and assignments create no lien, and therefore no notice of lien can be given. But effect must be given to all the language incorporated within a statute, where such construction is possible. In this case such construction must be given in order to effect the purpose of the Legislature. We believe that the lawmakers considered that the making of a note under a power to add an assignment as additional security created an inchoate lien, and that the filing of that note with the employer was as much a thing to be done as the filing of an assignment.

In the case cited from 49 Misc. Rep. 102, 96 N. Y. Supp. 416, the court seems to have been of opinion that the assignment and the loan were not made at the same time, but that they would have taken a contrary view had it been established that the attorney in fact of the employé was the alter ego of the lender. We are inclined to hold that such proof was supplied in this case. The lender and the attorney in fact commenced business in Maine at the same time, occupied the same offices, for which the attorney paid no rent, and the attorney negotiated notes with that one lender only. It also seems reasonable that the notes and the power of attorney should be construed together as an "agreement" within the purposes contemplated by the statute.

We are also of opinion that the Municipal Court had no jurisdiction. The attorney in fact did not assign any integral part of the employé's wages, but a portion of the wages of one or more separate weeks. An action under such an assignment seems to require the machinery of a court of equity and the presence of the assignor as a party. Dickinson v. Tysen, 125 App. Div. 735, 110 N. Y. Supp. 735; Chambers v. Lancaster, 160 N. Y. 342, 348, 54 N. E. 707.

If we are right in the above reasoning, the judgment should be affirmed, also, as to the first and second causes of action in which the notes were negotiated, not in Maine, but in Rhode Island. And for an additional reason: The assignment in those cases had no subject-matter on which to operate. The wages were not then earned, nor were the assignors in defendant's employment. If the subject-matter of an assignment has no actual existence, it should have at least potential existence. Cooper v. Douglass, 44 Barb. 409.

There is another theory upon which the judgment should be affirmed. It seems to us that, even if the agent was not the alter ego of plaintiff's assignor, there are other features in the case which require us to affirm the judgment. We think it is clear that under section 42 of the personal property law there can be no recovery of any advance of money or loan on account of salary or wages unless notice of lien is given within three days after such advance or loan is consummated and the agreement under which the borrower claims is

executed, whether such agreement be in the form of an assignment, contract, or note.

In this case the borrower obtained the loan through a person whom for the purposes of the argument we may denominate his agent. All the agreements with the lender were made through this intermediary by virtue of a power of attorney. The plaintiff claims that he first loaned the money upon the borrower's note, and only thereafter received the assignment, and that he had no claim to the borrower's wages until this assignment was made. The whole transaction having been consummated under a written power of attorney, the plaintiff can recover only if this subsequent assignment was made in conformity with the power. This power is in evidence and was apparently at all times known to the lender. It contains a general clause authorizing the attorney to borrow money and in order to obtain the loan to execute, deliver, and sell the promissory notes of the borrower, and to do and perform each and every act and thing which he "may deem necessary or desirable to the end that said loan may be secured by said borrower and his said notes negotiated." The specific provisions in the power material to this action are:

"Without in any way limiting or restricting the general powers given to my attorney aforesaid, but solely by way of explanation as to certain powers included in the above general power, I hereby give my attorney aforesaid full right, power, and authority for me in my name, place, and stead * * * to make at such time or times as may be necessary or he may think proper such an assignment, agreement, contract, or arrangement relating to my wages now earned, now being earned, or hereafter to be earned under any engagement with my present employer or under any engagement with any employer with whom I may hereafter be engaged, as my said attorney may think necessary or desirable. * * * And the powers of the aforesaid attorney are hereby declared to be continuing powers until any and all obligations contracted through or by the execution of the same are finally and completely satisfied and paid, and said attorney is authorized to agree for me with any purchaser of any notes or the receiver of any collateral *that, if sufficient funds are not received by virtue thereof to satisfy said obligation in full, then that from time to time further assignments of wages due or to become due from the employer by whom I am then employed will be made and delivered,* * * * *and said attorney is authorized to execute and deliver said further assignment or assignments on request.* (The italics are in the printed power of attorney.)

Since this power is only for the purpose of obtaining a loan, it is obvious that the assignments are authorized only for this purpose. Bearing this in mind, we are bound to hold that an assignment thereunder may be made only (a) when given to secure the loan at the time the loan is obtained; (b) when given under a valid agreement made at that time to provide further security if sufficient funds are not obtained from the notes or other security given at the time the loan is made. If the assignments here sued upon were made at the time the loan was made as primary security for the loan, then concededly section 42 of the personal property law was not complied with. If, on the other hand, they were given under a valid agreement made at that time to give further security, if sufficient funds are not obtained from the original security, then the plaintiff cannot recover without proof of the nature of the agreement, of the security then given, and of the disposition made of such security.

The judgment should therefore be affirmed, with costs. All concur.