## THOMPSON v. GIMBEL BROS.

(Supreme Court, Appellate Division, First Department.   June 2, 1911.)

ASSIGNMENTS (§ 57*)—FUTURE WAGES—NOTICE TO EMPLOYER—STATUTES—CON-
STRUCTION.

Personal Property Law (Consol. Laws 1909, c. 41) § 42, requires lenders of money to employés on salaries on an assignment or note to file within three days with the employers a copy of the agreement, and that no action shall be maintained by a holder of any such assignment or note against the employer unless a copy, together with notice of the loan, shall have been filed with the employer by the person making it within three days after the loan. A usurious money lender, making salary loans, took notes therefor, executed under powers of attorney in states having no usury law, which notes, on default, were assigned also under powers of attorney in order to avoid the New York usury law. *Held*, that such act was not only to protect the employer, but also to encourage economy on the part of employés, and required that notice to the employer be given within three days after each loan, and also within three days after the assignment or note evidencing the same was made, and that notice given within three days after the last transaction, "or the execution of the last paper relating to the transaction," was insufficient.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 116–120; Dec. Dig. § 57.*]

Clarke and Scott, JJ., dissenting.

Appeal from Appellate Term.

Action by Myrtle M. Thompson against Gimbel Bros. From a Municipal Court judgment in favor of defendant, affirmed by the Appellate Term (71 Misc. Rep. 126, 128 N. Y. Supp. 210), plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frederick H. Cunningham, for appellant.
David J. Gallert and Walter S. Heilborn for respondent.

LAUGHLIN, J.   The plaintiff brings this action on an assignment of seven alleged causes of action against the defendant for installments of salaries of certain of its employés, which were assigned by their attorneys in fact, acting under powers of attorney, in the states of Rhode Island and Maine, on default in payment of promissory notes of the same employés, likewise executed in said states by the attorneys in fact acting under the same powers of attorney. The scheme under which the notes and assignments were executed was manifestly devised to evade the usury laws of the state in which the contracts of employment were made and the services were rendered, and also, I think, to evade the provisions of section 42 of the personal property law of this state (chapter 41, Consolidated Laws of 1909). There is no attempt to disguise the fact that the purpose was to evade the usury law, for that is frankly admitted by counsel, who apparently confidently asserts that the plan successfully protects the lender, within the provisions of said section 42 of the personal property law. Of course, it does not *directly* and necessarily concern the employer

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
129 N.Y.S.—65

that his employés have obtained loans at exorbitant rates of interest in states which have no usury law, and that has no material bearing on the question presented for decision. It does, however, concern the employer, if thereby his employés be left in a state of constant worry over their tangled financial affairs, and the employer be annoyed and harassed by the claims of their creditors, and it is the duty of the court to enforce the public policy of this state, as declared by the Legislature, within constitutional limits.

Section 42 of the personal property law indicates quite plainly, I think, that the Legislature recognized that it was not competent for it to prohibit an employé in private employment from assigning his wages or salary in advance of the same being earned; but it recognized and sought to remedy, to some extent, the evils resulting therefrom. The statute was, I think, enacted, not merely in the interest of the employer, but with a view to encouraging economy on the part of employés, and in the expectation that knowledge of such assignment on the part of the employer within a reasonable time would have a tendency to discourage such assignments, and would tend to minimize the evil consequences resulting therefrom. The provisions of section 42 of the personal property law are as follows:

"1. Any person or persons, firm, corporation or company, who shall after March eighteenth, nineteen hundred and four, make to any employé an advance of money, or loan, on account of salary or wages due or to be earned in the future by such individual, upon an assignment or note covering such loans or advances, shall not acquire any right to collect or attach the same while in the possession, or control of the employer, unless within a period of three days after the execution of such assignment or notes and the making of such loan or loans, the party making such loan and taking such assignment shall have filed with the employer or employers of the individual so assigning his present or prospective salary or wages, a duly authenticated copy of such agreement or assignment or notes under which the claim is made.

"2. No action shall be maintained in any of the courts of this state, brought by the holder of any such contract, assignment or notes, given by an employé for moneys loaned on account of salary or wages, in which it is sought to charge in any manner the employer or employers, unless it shall appear to the satisfaction of the court that a copy of such agreement, assignment or notes, together with a notice of lien, was duly filed with the employer or employers of. the person making such agreement, assignment or notes, by the person or persons, corporation or company making said loan within three days after the said loan was made and the said agreement, assignment or notes were given."

If the purpose of this legislation were to give the employer timely notice to enable him to honor the assignment, it would have been sufficient to have provided that he would not be liable to the assignee unless due notice and proof of the assignment should be given to him within a specified time before the salary became payable and before payment thereof had actually been made. It is manifest, I think, that this was not the sole purpose of the Legislature. Both subdivisions of the section indicate that the Legislature intended to require that the employer, in order to be liable to the assignee for the accrued and unpaid salary, should be notified within three days of the making of the agreement or loan or note pursuant to or as security for which the salary was then or thereafter assigned.

In the case at bar the attorneys in fact were clothed by the powers of attorney, not only with authority to make the notes, but with authority to assign the salaries as security therefor. The notes were executed under the powers of attorney and sold, and a *percentage* of the proceeds immediately transmitted to the employés; but the formal assignments of the salaries were not made until default in the payment of the notes. It was not shown that at the time the notes were issued and thus discounted there was any formal agreement in writing obligating the employés or their attorneys in fact to execute assignments of salary in the event that the notes should not be paid; but the assignments were made to the purchasers and holders of the notes, and it appears from the evidence that they were executed by the attorneys in fact whenever requested by such purchasers and holders after default in the payment thereof, and it is fairly to be inferred that there was a parol agreement, at least, to that effect.

It is contended on the part of the respondent that the attorneys in fact were the agents and representatives of the purchasers of the notes, and that the execution of the powers of attorney in these circumstances constituted assignments of the salaries, and while there is some evidence pointing in that direction it cannot fairly be affirmed on this record that the fact was established. I am of opinion, however, that the inference is fairly warranted from the evidence that it was part of the agreement under which the notes were negotiated that if they were not paid at maturity formal assignments of the salaries would be executed to the purchasers; and the statute requires, I think, not merely, as contended by counsel for the appellant, that notice three days after the *last* transaction or the execution of the *last* paper relating to the transaction be given, but that the notice must be given within three days after each loan was made to the employé, and also within three days after the agreement, assignment, or note concerning the same was given. In the case at bar no notice was given to the employer until after the formal assignments of the wages or salary, which was after default in the payment of the notes, and long after the loans were made and the notes issued. The judgment was therefore right, and should be affirmed.

It follows that the determination of the Appellate Term should be affirmed, with costs.

INGRAHAM, P. J., and McLAUGHLIN, J., concur.

CLARKE, J. I dissent. It seems to me that a successful scheme has been devised to evade the statute. No claim against the employer arose until the execution of the assignment of salary. Within three days after such assignment the employer received a copy of the assignment, as the statute required. What has the employer—the defendant herein—to complain of? It received due notice in time to protect itself against a double payment, and is protected by the assignment from any further demand on the part of the employé on the assigned claim. That employé chose to make his bargain with the money lender in a state which has no usury law. But the fact that he

made an unwise contract puts no additional burden on the employer, who is only called to pay what is concededly due the employé to his assignee upon due notice.

The determination of the Appellate Term should be reversed

SCOTT, J., concurs.