In the Matter of Marcomo Stevedoring Corporation et al., Petitioners, against Hyman Nathanson, Respondent.

Supreme Court, Special Term, Kings County, October 29, 1951.

*Rand R. Eisberg* and *David Kashman* for petitioners.

*Gerald Blumberg* and *Jacob Imberman* for respondent.

DI GIOVANNA, J. This is a motion brought pursuant to section 47-e of the Personal Property Law to set aside a wage assignment.

The applicants, William Markowitz, the wage assignor and his employer Marcomo Stevedoring Corporation, attack the wage assignment upon the grounds: (1) that the wage assignment was made without consideration; (2) that the wage assignee divested himself of any and all interest in and to said wage assignment when he assigned the notes to a third party; and (3) that the wage assignee failed to comply with sections 42 and 47-a of the Personal Property Law.

The facts as they appear in the affidavits are as follows: Prior to February 14, 1950, Grand Stevedoring, Inc., of which William Markowitz was the sole stockholder, owed the wage assignee, Hyman Nathanson, a considerable amount of money. On February 14, 1950, the sum of $5,000 was paid to Nathanson by Markowitz and a general release was executed by Nathanson in favor of Grand Stevedoring Inc. and Markowitz. Thereafter and on February 20, 1950, Markowitz executed a wage assignment and a series of 112 promissory notes, each in the sum of $50, payable weekly commencing February 28, 1950, to the order of the wage assignee Hyman Nathanson. These notes were assigned by Nathanson to one Howard Siegellack and on December 20, 1950, Siegellack instituted an action against Markowitz in the Supreme Court, Bronx County, to recover the balance due on the notes of $5,350. On February 1, 1951, judgment was entered for $5,604.50 in favor of Siegellack and against Markowitz. On March 8, 1951, the judgment was assigned to the wage assignee Hyman Nathanson. On March 21, 1951, a copy of the wage assignment was filed in the office of the County Clerk, Queens County, and on March 27, 1951, a copy of the assignment was also served on the employer Marcomo Stevedoring Corporation with a demand for payment. No payments were made on the wage assignment and an action was commenced on May 3, 1951, by the wage assignee against the employer in the Municipal Court, Borough of Manhattan, Fourth District. In that action the Marcomo Stevedoring Corporation interposed a defense of the various sections of the Personal Property Law which are not now raised in this proceeding. On June 22, 1951, judgment was entered in the Municipal Court in favor of Nathanson and against Marcomo Stevedoring Corporation in the sum of $230.50. On July 23, 1951, Marcomo Stevedoring Corporation moved to set aside the judgment on the ground that the wage assignment was void because plaintiff had failed to comply with former section 42 of the Personal Property Law and the motion was denied.

As adverted to above, the applicants contend that the wage assignment is void for the reason that the wage assignee failed to comply with former section 42 of the Personal Property Law requiring the service of a copy of the wage assignment upon the employer within three days after its execution. At the time the wage assignment was signed by Markowitz, subdivisions 1 and 2 of section 42 provided:

" § 42. *Regulating loans of money on salaries.* 1. Any person or persons, firm, corporation or company, who shall after the passage of this act, make to any employee an advance of money, or loan, on account of salary or wages due or to be earned in the future by such individual, upon an assignment or note covering such loans or advances, shall not acquire any right to collect or attach the same while in the possession or control of the employer, unless such note or assignment is dated on the same day on which such loan is actually made, and unless within a period of three days after such loan and assignment or note are actually made the party making such loan or loans and taking such assignment or notes shall have filed with the employer or employers of the individual or individuals so assigning his present or prospective salary or wages, a duly authenticated copy of such agreement or assignment or notes under which the claim is made. The day of making a loan or advance within the meaning of this act shall be deemed to be the day when the money is delivered to the borrower, and the subsequent execution of an instrument by virtue of a power of attorney shall not be deemed to affect the time of the actual making of such loan or advance.

" 2. No action shall be maintained in any of the courts of this state, brought by the holder of any such contract, assignment or notes, given by an employee for moneys loaned on account of salary or wages, in which it is sought to charge in any manner the employer or employers, unless a copy of such agreement, assignment or notes, together with a notice of lien, was duly filed with the employer or employers of the person making such agreement, assignment or notes, by the person or persons, corporation or company making said loan within three days after the said loan was actually made and the said agreement, assignment or notes were given as provided in subdivision one of this section."

Concededly, the wage assignment here was not filed with the employer within three days after its execution in accordance with the above-quoted statute. It is the wage assignee's contention, however, that section 42 has no bearing on this case since it was repealed by chapter 823 of the Laws of 1950, effective September 1, 1950. The wage assignee also argues that the filing of the assignment in the County Clerk's office in Queens and with the employer in March, 1951, pursuant to new sections 47 and 47-a of the Personal Property Law, effective September 1, 1950, was sufficient.

All the pertinent authorities appear to hold, however, that the validity of a wage assignment is to be tested as of the date when the loan was made (*Thompson* v. *Erie R. R. Co.*, 207 N. Y. 171; *Thompson* v. *Gimbel Bros.*, 71 Misc. 126, affd. 145 App. Div. 436, affd. 207 N. Y. 659; *Jules-Wallace & Co.* v. *R. A. Management*, 148 Misc. 180). When the assignment was signed by the wage assignor here, section 42 provided that the assignee could not acquire any right to collect upon the same unless a duly authenticated copy of the assignment was served on the employee within three days after its execution. In construing the effect of section 42, the Court of Appeals in *Thompson* v. *Erie R. R. Co.* (*supra*) specifically held that the failure of the lender to file an assignment of wages within the three-day time limitation contained in section 42 precluded any recovery by the plaintiff. *Thompson* v. *Gimbel Bros.* (*supra*) is to the same effect.

A case similar to the one at bar is *Sheer* v. *Family Finance Corp.* (46 N. Y. S. 2d 398). There the court held that the assignment of wages signed by the defendant gave the assignee a power of attorney which violated section 353 of the Banking Law as it read on June 17, 1941, the date that the assignment was executed. The court also held that the amendment of section 353 effective September 1, 1942 (L. 1942, ch. 605), confining the prohibition to powers of attorney to confess judgment, was not retroactive and had no application to an assignment of wages executed prior to the effective date of the act.

It is also to be noted that in the present sections 47 and 47-a of the Personal Property Law, which went into effect September 1, 1950, there is no statement that they apply only to assignments executed after or before the effective date thereof. Such statutes are to be construed as prospective only and it takes a clear expression of legislative purpose to justify a retroactive application (*Matter of Lott*, 49 N. Y. S. 2d 134). Changes in the form of remedies constitute an exception to this rule however and this is true of section 47-e of the Personal Property Law under which the present application has been made to vacate the assignment (*Sheer* v. *Family Finance Corp.*, *supra*). Furthermore, it would seem to the court that the cases relied upon by the wage assignee to the effect that the repeal of the prohibitory statute removes the defense of illegality, have no application to the present case. Indeed, in *Toll* v. *Friedman* (272 App. Div. 587) the court pointed out that a contract entered into in violation of the law is not automatically purged of its illegality by a mere repeal of the prohibition statute. There

the court said at page 589: " A contract entered into in violation of law is not automatically purged of its illegality by mere repeal of the prohibitory statute. Such contracts remain illegal even after repeal and continue to be unenforcible until such time as the taint of illegality is removed. That occurs only when the Legislature manifests an intention to give them validity. (Restatement, Law of Contracts, § 609; 12 Am. Jur., Contracts, § 165 and cases therein cited; *Fitzsimons* v. *Engle Brewing Co.,* 107 F. 2d 712; *Abrams* v. *Meyerowitz,* 175 Misc. 625.) The holdings in *Curtis* v. *Leavitt* (15 N. Y. 9), *Bloch* v. *Frankfort Distillery, Inc.* (247 App. Div. 864, affd. 273 N. Y. 469) and *Farber* v. *Aquino Sons, Inc.* (253 App. Div. 600) are not to the contrary."

One other question remains to be considered and that is whether the judgment in the Muncipal Court action is *res judicata* as to the validity of the wage assignment. While the issues raised in this proceeding appear to be the same as those raised in the Municipal Court action, the parties are different. In the Municipal Court action the wage assignee sued the employer Marcomo Stevedoring Corporation but the wage assignor William Markowitz was not joined as a party defendant. Under the circumstances, the Municipal Court judgment cannot be considered to be a bar to the present application which is made on behalf not only of the employer but also on behalf of the employee Markowitz (*Kessler* v. *Fligel,* 240 App. Div. 232, appeal dismissed 264 N. Y. 689; *Jasper* v. *Rozinski,* 228 N. Y. 349; *Self* v. *International Ry. Co.,* 224 App. Div. 238; *Gerstein* v. *Fisher,* 12 Misc. 211, affd. 14 Misc. 644).

The application of William Markowitz to vacate the wage assignment is granted. Settle order.