(36 Misc. Rep. 221.)

WESSEL v. GERKEN (two cases).

(Supreme Court, Appellate Term. October, 1901.)

1 LANDLORD—DEFECTIVE STAIRWAY—LIABILITY.
    A landlord was notified by a tenant that screws projected a quarter of an inch from zinc pieces put on each step of the stairway of a tenement house to protect the steps, but failed to repair. *Held*, that he was liable for injuries caused to a child who was thrown down the stairs by her heel catching on a projecting screw.

2. STEPFATHER—INJURY TO STEPCHILD.
    A stepfather may recover for injuries to his infant stepdaughter causing a loss of her services.

Appeal from municipal court, borough of Manhattan, Third district.

Actions by Mary Wessel, by Henry Wessel, her guardian, against Louis C. Gerken, and by Henry Wessel against the same defendant. From judgments for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GIL-DERSLEEVE, JJ.

Frank Herwig, for appellant.

Patrick H. Loftus, for respondent.

PER CURIAM. The two causes were tried and afterwards argued together. The first was to recover damages for personal injuries sustained by the plaintiff on June 17, 1900, in falling down the stairs of the tenement house owned by the defendant, and known as No. 67 East End avenue, this borough. The plaintiff was then an infant, 12 years of age, residing in the house. On the day in question, while descending the stairs leading from his apartments to the floor below, the heel of her shoe caught in a screw sticking up on the stairway, and she was thrown downstairs, causing the injuries of which she complains. Mary Wessel, the plaintiff's mother, testified:

"The staircase is about three feet wide, and there is carpet about two feet wide. There is a piece of zinc on the carpet to protect the stairs, and this is put on with screws. The screws were put in through the zinc. The zinc was at the head of each step, and there were about four screws in each piece of zinc, and they were put in such a way that the heads stuck up as if not screwed down straight,—as if they were hammered down. They stuck up about one-quarter of an inch. The screws came up from the floor below to my floor."

The witness told the landlord, when they moved in, that the screws were loose on the stairs, and he must fix them. These defects were not remedied by the landlord after timely notice, and caused the injuries complained of. The facts bring the recoveries had within the rule as to liability laid down in Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114, and in Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843, in which judgments for the plaintiffs under similar circumstances were affirmed.

The question presented in the second action is the right of a stepfather to maintain an action for loss of services of a stepchild, and this is solved by the test, "Did the relation of master and servant exist de facto between the injured party and the person bringing the action?" The plaintiff stood in loco parentis to the party injured, and may recover the same damages as the actual parent could. Schouler, Dom. Rel. (5th Ed.) § 261; 2 Add. Torts (6th Ed., Am. Notes by Baylies) *784, *785; Ingersoll v. Jones, 5 Barb. 661; Bracy v. Kibbe, 31 Barb. 273; Williams v. Hutchinson, 3 N. Y. 312, 53 Am. Dec. 301.

There was no contributory negligence on the part of the infant, and no error which requires a new trial.

Judgments affirmed, with costs.