COLGAN v. FINCK.

(Supreme Court, Appellate Division, Fourth Department.　April 28, 1915.)

JUDGMENT ☞678—CONCLUSIVENESS—PERSONS CONCLUDED.

 A judgment in favor of the receiver of a corporation, by which a purchase by the corporation was rescinded and the installments paid ordered to be returned is not a conclusive adjudication that the sale was fraudulent as to stockholders of the corporation suing the vendors in their individual capacity for deceit in the sale of corporate stock.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1195–1199, 1221; Dec. Dig. ☞678.]

Appeal from Trial Term, Chautauqua County.

Action by Peter B. Colgan against Henry Finck. From a judgment for plaintiff and an order denying new trial, defendant appeals. Reversed and remanded.

See, also, 159 App. Div. 57, 144 N. Y. Supp. 408.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

J. L. Hurlbert, of Dunkirk (James L. Weeks, of Jamestown, of counsel), for appellant.

Thomas H. Larkins, of Dunkirk (Nelson J. Palmer, of Dunkirk, of counsel), for respondent.

FOOTE, J.　This action was brought to recover the sum of $200, with interest from May 4, 1907, being the amount which plaintiff was induced by defendant to pay to the Canadaway Fertilizer Company for two shares of the capital stock of that company.

The complaint alleges that defendant, with others, entered into a fraudulent agreement and conspiracy, whereby they agreed to form a corporation under the name of the Canadaway Fertilizer Company, to obtain subscriptions to its capital stock, and, when sufficient stock had been subscribed, to sell to said company certain premises near Dun-

kirk, the property of defendant's brother, Albert Finck, for $16,000, whereas its value was only $8,000, and that the proceeds received above such actual value was to be divided among defendant and his associates; also, that defendant and his associates falsely and fraudulently represented to plaintiff and others, who subsequently became stockholders, that said real property was worth $16,000 and would be sold to said company at that price; that the agreement between defendant and his associates to divide among themselves the amount received over and above $8,000, its actual value, was unknown to plaintiff and fraudulently concealed from him; that defendant and his associates contrived to obtain control of the corporation and induced it, by false representations as to its value, to purchase said property at a price of $16,-000; and that this was done to defraud plaintiff and other stockholders; also, that defendant falsely and fraudulently represented to plaintiff, among other things, that defendant had himself invested a large amount of money in the stock of said company, paying par therefor, and that he knew the company and its assets and resources, and that it was solvent and capable of earning large dividends; that plaintiff, relying upon said representation, subscribed for two shares of the capital stock, and paid said company $200 therefor. There are other allegations of the complaint not material to be stated here.

The questions submitted to the jury were: (1) Whether defendant at the time he solicited plaintiff to subscribe for two shares of stock made any false representations to the plaintiff; and (2) whether defendant fraudulently concealed from plaintiff the alleged fraudulent conspiracy between defendant and his associates, the purpose and object of which was alleged to be to form this company and sell the stock for the purpose of selling to the company the real property of the defendant's brother at $16,000, when it was really only worth $8,000, and to divide the profits between defendant and his associates.

As to the representations which defendant made to plaintiff to induce him to purchase the stock, plaintiff's testimony is that defendant said:

"He was getting up a good thing at his old bottling works; that he was going to make a fertilizer factory of it, and that he was out selling stock, and that it would be a good thing for me to buy some, because I had teams and could do their teaming and gather up dead animals for them, and do their work; and he said I ought to have some stock in order to do this, and unless I did have some stock I couldn't do their teaming. * * * He said he was going to have as much stock as all the rest, and he said, 'You know it is a good thing when I do anything like that.'"

None of these statements were proved at the trial to have been false unless it may be that he (Finck) was going to have as much stock as all the rest, but that was not a statement of an existing fact, not that he already had more than half the stock, but that he was going to or expected to. Thus there was little, if any, basis in those representations as a ground of recovery in this action.

To support his allegations of fraud in connection with and prior to the organization of the company, by which the company was led to purchase real estate of defendant for more than its value, plaintiff relied principally upon the findings of the court and the judgment based

thereon in another action in which the defendant here was a plaintiff and the Canadaway Fertilizer Company and its receiver and others were defendants. The important question presented upon this appeal is whether that judgment and the findings on which it was based were admissible in evidence against defendant here and were res adjudicata. If they were, they establish conclusively against this defendant the plaintiff's allegation of a fraudulent conspiracy to which defendant was a party to accomplish the sale of his brother's real estate to the corporation at a fictitious price, and to divide among defendant and his associates the amount received over and above the actual value of the property which was to be retained.

The learned trial court instructed the jury that these findings and the judgment entered thereon were "conclusive and indisputable evidence of the questions in issue in that suit and actually adjudicated therein and which have come again into controversy between the same parties, or their privies, in this action." That judgment was entered June 24, 1911, in an action in which the defendant Henry Finck and his brother Albert Finck were plaintiffs, and the Canadaway Fertilizer Company and Loren J. Lamphere, as receiver of said company, and others, were defendants, brought to foreclose the purchase-money mortgage given by said Canadaway Fertilizer Company for $9,000 to the plaintiffs in that action upon the same premises purchased by said company from said plaintiffs. The defendant Lamphere, as receiver of said Canadaway Fertilizer Company, defended that action and alleged as a defense and as ground for affirmative relief the same fraudulent conspiracy on the part of Henry Finck, the defendant in this action, his brother and their associates, with respect to the sale of said lands to said fertilizer company at a fictitious price in excess of its real value as is alleged by the plaintiff in this action, and demanded judgment adjudging the sale of said premises to said fertilizer company to be fraudulent and the deed and the bond and mortgage given for the purchase money to be fraudulent and void and setting aside said deed and bond and mortgage and rescinding the sale of said premises, and that said receiver recover from the plaintiffs Henry Finck and Albert Finck the $7,000 which said Canadaway Fertilizer Company had paid to said plaintiffs upon the purchase price of said premises, with interest from the date of such payment. And said receiver was awarded judgment in that action subsequently, as prayed in his answer.

We are of opinion that the learned trial judge was in error in receiving that judgment and the findings on which it was based in evidence as against the defendant here, and in his instruction to the jury that that judgment is res adjudicata in respect of the fraud of this defendant and his associates in the sale of said real estate to said Canadaway Fertilizer Company.

A judgment is res adjudicata as between the parties and their privies as respects the matters in issue and actually determined, and is receivable in evidence in subsequent litigation between the same parties and their privies as conclusive proof of the matters so determined. Plaintiff here was not a party to that action or in any manner represented therein, except that, being a stockholder of the Canadaway Fertilizer

Company, he was represented by that company and its receiver to the extent of being bound by the judgment in so far as it affected the property of that company, but he was not otherwise bound. That judgment did not undertake to deal with his individual rights as against the present defendant, or to adjudge as to whether the transactions between Finck and his brother and the Canadaway Fertilizer Company were or were not fraudulent as to the plaintiff here in his individual contract relations with Henry Finck. The judgment is conclusive upon this plaintiff to the extent that it affects the assets of the fertilizer company in which he has a share or interest. To that extent both he and the defendant Finck are estopped from questioning it in the present case, and if plaintiff were now seeking to assert some right or recover some property because of his interest in the fertilizer company as a stockholder, or some right or interest which he derived as such through that company, the judgment in the foreclosure action would be admissible in evidence for or against him; but the present action is not of that character. It is based wholly upon a personal transaction between himself and defendant in which he claims that defendant deceived and defrauded him out of $200. The fertilizer company did not represent him in the foreclosure action as to such a right of action or as to the transaction out of which it arises. The former judgment concludes the party only in the character or relation in which he is made a party. A judgment for or against an executor, administrator, assignee, or trustee, as such, does not preclude him in a different cause of action affecting him personally. Furlong v. Banta, 80 Hun, 248, 29 N. Y. Supp. 985; Landon v. Townshend, 112 N. Y. 93, 19 N. E. 424, 8 Am. St. Rep. 712; Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69; Wilgus v. Germain, 72 Fed. 773, 19 C. C. A. 188.

The plaintiff, though not a party to the foreclosure action, was a privy of the fertilizer company and represented by it in respect of his interest as a stockholder in that company. He is entitled to the benefit of that judgment so far as it affects his interest in that company. But the present action has no relation to his interest in that company, or his rights as a stockholder. Were he suing here in his right as a stockholder to recover for the company or for the stockholders as such, then he would be entitled to the benefit of the judgment in the foreclosure action as an adjudication (Alexander v. Donohoe, 143 N. Y. 203, 38 N. E. 263); for, as was said in the opinion in that case:

"Suing as a stockholder, the plaintiff's right of action is a derivative one. He sues not primarily in his own rights, but in right of the corporation. The wrongs of which he complains are wrongs to the corporation. They were not aimed at him and did not involve his personal, individual rights."

The rule as to when privies are bound by a former judgment is thus stated by Mr. Justice Marshall for the Supreme Court of Wisconsin in Hart v. Moulton, 104 Wis. 349, 80 N. W. 599, 76 Am. St. Rep. 881:

"Privies, whether in blood, or in law, or in estate, occupy that relation to others because of derivative rights of property. Privity relates to persons in their relation to property, and not to any question independent of property. In the doctrine of res adjudicata, privity extends no further than the particular subject-matter or property, the status of which was determined by the judgment as to that particular thing. A person subsequently dealing with

it, dependent for his right to do so upon a title acquired of one of the parties to the litigation after that title was impressed by the result of such litigation, in a controversy with the adverse party or a person claiming under him, is concluded by the judgment. Such judgment, in that situation, fixes the status of the property beyond question, whether it was right or wrong. The mere personal effect of the judgment, however, is absolutely confined to the parties to the litigation. It does not attach to and become a rule of property as to any other thing than the particular subject of the controversy which was closed by the judgment. Failing to keep distinctly in mind that privity relates to property only in the doctrine of res adjudicata, and to the particular property forming the subject of the former litigation, often leads courts and practitioners into confusion and error. The term is applicable only to the situation of mutual succession or relation to the same right of property. Citing Herman on Estoppel, § 139; McDonald v. Gregory, 41 Iowa, 513; New Orleans v. Citizens' Bank, 167 U. S. 371 [17 Sup. Ct. 905, 42 L. Ed. 202]."

The same question was under consideration by the United States Circuit Court of Appeals in Andrews v. National Foundry & Pipe Works, 76 Fed. 166, 22 C. C. A. 110, 36 L. R. A. 139. In the course of the opinion in that case, it is said:

"There is a privity, of course, between a corporation and its shareholders in respect to corporate rights and liabilities, and it results necessarily that a judgment or decree against a corporate body is conclusive upon the owners of stock in respect to their rights as shareholders. In other words, such judgment or decree is not open to collateral attack by a shareholder for the purpose of asserting or protecting his interests as a shareholder. (Citing cases.) But we know of no case that holds, and on principle we think it cannot be maintained, that, in respect to rights arising out of contracts other than subscriptions for stock, a shareholder can be bound by a judgment or judicial proceeding against the corporation to which he was not in fact a party. Every mortgagee is in privity with his mortgagor, but he is not, for that reason, bound by decrees against the mortgagor obtained by the holders of other liens, either prior or subsequent, unless made a party to the suit. Except in respect to his rights as a shareholder, the owner of stock in a corporate body is a stranger to the corporation, and without his consent cannot be represented by it."

The case of Assets Realization Co. v. Howard, 211 N. Y. 430, 105 N. E. 680, presented the question as to how far a stockholder of a banking corporation was concluded by a judgment recovered against the corporation in a subsequent action against the stockholder to enforce his statutory liability for the debt established by such former judgment, and Judge Hiscock, writing for the court against the conclusiveness of such judgment, says:

"This claim against a stockholder is not an asset belonging to, or coming through or asserted in behalf of, the corporation. It is given to the creditor as an independent and original remedy. The stockholder in respect of this liability is the only one who is interested in the question whether there is an indebtedness; the corporation has no practical interest in it. The stockholder is not a proper party to the action brought against the corporation, and the corporation does not in any direct or real sense represent him as to this liability; the extent of its interest is to protect the corporate assets.  *  *  * It seems to be conceded that this theory of conclusive effect on a stockholder of a judgment against the corporation opens up to allow proof that the judgment was secured by fraud or collusion. But why confine the exceptions to this class? It is of no material consequence to the stockholder who is asked to pay an unjustified judgment whether it resulted from fraud, or whether, as alleged in this case, it was negligently or ignorantly allowed to be entered by default on claims which either never existed or had been fully paid. What he

desires, and as it seems to me plainly ought to have, is an opportunity to compel proof of the existence of a claim before he is compelled to pay it. In the second place, I think that the fair weight of authority is in favor of this view."

As by all the authorities the estoppel of a judgment claimed to be res adjudicata must be mutual to have that effect, and as the plaintiff here clearly is not bound by the foreclosure judgment as respects the cause of action here, it follows that the foreclosure judgment is not res adjudicata in his favor against the defendant, and that it was improperly received in evidence as such, and that the instruction to the jury that that judgment and the findings on which it was based are conclusive upon the parties was error.

As this conclusion will require a new trial of the action, we do not consider whether, if Lamphere is a temporary receiver only, he would represent the stockholders, or any of the other questions urged by the appellant.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.