BUFFALO PORCELAIN ENAMELING CORPORATION, Appellant, *v.* LONDON ASSURANCE CORPORATION, Respondent.*

Fourth Department, May 14, 1930.

*Charles W. Strong,* for the appellant.

*Shire & Jellinek* [*James M. H. Wallace* and *Joseph Swart* of counsel], for the respondent.

PER CURIAM. This defendant is not in privity with the Phœnix Insurance Company, Ltd., the sole defendant in the former action, in which this plaintiff failed as plaintiff — on the merits. There is no secondary or derivative liability, no mutuality of estoppel. Relations are in no respect such as to effectuate an exception to the mutuality rule. The two defendants mentioned and four other insurance companies had simply issued fire insurance policies, severally, upon plaintiff's property, all the policies containing " One Hundred Per Cent Average " clauses. The contention of the respondent that appellant is barred under the *res adjudicata* doctrine has not been without theoretical support. (See 35 Yale Law Jour. 607, 611; 37 Harv. Law Rev. 409, and cases cited in each article.) But, in the state of the authorities — even though the

* Revg. 135 Misc. 334.

issues in this action and the action tried are identical — we cannot accord to respondent the benefit of *res adjudicata* in the instant case, in the absence of privity, mutuality of estoppel or identity of parties. (38 Yale Law Jour. 299, 303, and cases cited.)

The order permitting defendant to plead the judgment in the earlier action as *res adjudicata* should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The appeal from the order of January 20, 1930, should be dismissed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order of January 3, 1930, resettled January 16, 1930, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Appeal from order of January 20, 1930, resettled January 29, 1930, dismissed, without costs of this appeal to either party. The determination made upon the appeal from the order of January 3, 1930, filed herewith, makes a determination of this appeal unnecessary.