NICHOLAS SYCZYK, Respondent, *v.* JOSEPH SZCZERBANIEWICZ, Appellant.

Fourth Department, October 7, 1931.

*James P. O'Donnell,* for the appellant.

*Charles L. Earl,* for the respondent.

THOMPSON, J.    Plaintiff is the stepfather of Michael Tymoczki, who, at the time of the trial of this action, was an infant of the age of twelve years, making his home with, and being supported by, plaintiff.   Plaintiff has recovered a judgment against defendant for medical care and nursing, furnished by him to his stepson, due to injuries claimed to have been imposed upon the stepson by a wrongful assault committed by defendant.   The only testimony in the case going to establish the assault is the record of a judgment recovered by the infant in an action in which the present plaintiff was his guardian against the said defendant for damages for the assault, and the complaint in such action.   Defendant duly objected and excepted to the reception of these documents in evidence. We think the court was in error in holding that this judgment was *res adjudicata* in the present action.   The parties are not identical nor are they privies.   In the one action the infant sued for his injuries, and in the instant case the parent sued for the expense he has been put to in properly caring for the stepchild  as the result of the injuries.

    " In an action by a father to recover damages for losses occasioned by the injury of his minor son through the negligence of the defendants,   *   *   *   a judgment in favor of the son for the latter's damages resulting from the same accident is inadmissible, such judgment being *res inter alios acta."*    (15 R. C. L. 1023; *Bridger* v. *Asheville, etc., R. Co.,* 27 S. C. 456.).  (See, also, *Wilton* v. *Middlesex R. R. Co.,* 125 Mass. 130.)

    " The former judgment concludes the party only in the character or relation in which he is made a party."   (*Colgan* v. *Finck,* 167 App. Div. 718, 723, FOOTE, J., writing.)

    " But a suit against one sued as an individual does not bind him as trustee, and conversely, judgment against one sued in a representative capacity does not conclude him in a subsequent action brought by, or against, him as an individual, although the same identical issue is involved, and the decision in the first action was upon the merits."   (*First National Bank* v. *Shuler,* 153 N. Y. 163, 173; 34 C. J. 997.)

    " ' In the doctrine of *res adjudicata*   *   *   *   the term [privity] is applicable only to the situation of mutual succession or relation to the same right of property.' "   (*Colgan* v. *Finck, supra,* 724.)

    Thus we see that the " rights of property " in our cases are

not the same, the infant's right being for injuries to his person, and the parent's right being for the expense he has been put to because of the assault. In such circumstances the doctrine of *res adjudicata* may not be accorded to the plaintiff. (*Haverhill* v. *International R. Co.*, 217 App. Div. 521; affd., 244 N. Y. 582; *Buffalo Porcelain E. Corp.* v. *London Assur. Corp.*, 229 App. Div. 377.)

We also hold the opinion that the trial court erred in instructing the jury that plaintiff might recover for loss of his wife's wages. It seems that she had a position which paid her $20 per week, and that she gave up her employment for eleven weeks to nurse her son. The court charged the jury that in the circumstances, the husband being entitled to the earnings of the wife, it might award him the sum of $220, being the loss he thus sustained. If entitled to recover at all in this respect, plaintiff is limited to the reasonable value of the services rendered by his wife in nursing her son. (*Barnes* v. *Keene*, 132 N. Y. 13; *Gorman* v. *New York, Chicago & St. Louis R. R. Co.*, 128 App. Div. 414.)

If she abandoned a more lucrative occupation in order to act as nurse, the value of her services while engaged in that occupation could not properly be considered by the jury in estimating the value of her services while acting as a nurse. Her services as a nurse were worth no more because she was able in some other calling to earn a large income. (*Barnes* v. *Keene, supra,* 16, 17.)

Appellant cannot be sustained in his contention that plaintiff is without authority to maintain this action. It may be assumed that the jury found as a fact that plaintiff stood *in loco parentis* to the infant. Where that relationship exists, it seems to be settled law that the stepfather may sue as if he were the actual parent. (*Davis* v. *Gallagher*, 37 App. Div. 626; *Williams* v. *Hutchinson*, 3 N. Y. 312; *Wessel* v. *Gerken*, 36 Misc. 221; 1 Schouler Marr. Div. Sep. & Dom. Rel. [6th ed.] 710; 46 C. J. 1337; 20 R. C. L. 593, 594.)

Moved by these considerations, we feel that the judgment should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide event.