WALTER COHEN, Plaintiff, v. LILLIAN B. LIEBERMAN and NATHAN LIEBERMAN, Defendants.

Municipal Court of New York, Borough of Manhattan, Fourth District, January 17, 1936.

Joseph H. Muller, for the plaintiff.

Bernard R. Lieberman, for the defendants.

GARSIDE, J. Plaintiff moves for summary judgment against defendant Nathan Lieberman, who, in turn, makes a cross-motion for summary judgment dismissing the complaint as to him. The sole question before the court appears to be whether or no a step-father in the circumstances here presented can be held liable for necessaries furnished to a stepchild. The defendants are husband and wife. The wife was originally sued alone and she defeated a motion for summary judgment brought against her by making an affidavit in which she stated that " the work was done at the request . and with the knowledge and consent of my husband, who had undertaken to support *our* daughter and myself and who had undertaken and agreed to pay this bill, and who has since my marriage to him supported Edith and paid for all necessities." (Italics by court.) Thereafter the husband was joined as party defendant.

The action is for the balance of a bill rendered by plaintiff for dental services rendered to *Edith Lieberman,* daughter of defendant Lillian Lieberman and stepdaughter of defendant Nathan Lieberman. The services appear to have been substantial, were rendered at an agreed price of $350, payment of $200 was made on account, and the balance is admittedly unpaid. No complaint is made concerning the value or quality of the work done by plaintiff, nor is it disputed that the work was necessary. The husband elects to rest solely on what he contends is the law of this State whereby no legal liability attaches to him as a stepfather for necessaries furnished a stepchild in the absence of legal adoption by the father.

The services in question were rendered in 1934, when the infant was about fifteen years of age. She was about three years of age when her mother remarried after obtaining a divorce from her first husband, in the decree of which provision was made for the support of the child; but on the wife's own admissions no payments have ever been made by the child's father on account of her support. When the codefendants intermarried, Lieberman " made her [the daughter] assume his name, to wit, Lieberman, and discard the name to which she was born, and, moreover, he did not want her to know her real father." (Affidavit of wife, verified November 20, 1935.) For upwards of ten years the child has borne the name of her stepfather and has been held out to third parties as his child. The father does not in any substantial sense deny these facts.

It appears that when the plaintiff was first consulted he, in accordance with his practice, asked for information concerning the father of the child, his business and connections, and that the mother, the codefendant herein, gave the name of Nathan

Lieberman, her husband, as the child's father and in no manner disclosed that he, Lieberman, was not in fact her father. The husband in a communication to the dentist concerning payment of the bill describes the child as " my daughter Edith." Since his marriage to the codefendant he has supported the child and permitted both the wife and the child to hold him out as the father of the child. On such case plaintiff prays for summary judgment for the balance of his bill and defendant Nathan Lieberman prays for summary judgment dismissing the complaint as to him on the ground that in the absence of legal adoption he cannot be held liable.

There appears to be little law in this State on the liability of a stepfather for necessaries furnished a child. The general principle that where a stepfather stands *in loco parentis* he is entitled to the rights and subject to the liabilities of an actual parent has been recognized in this State. (*Williams* v. *Hutchinson*, 3 N. Y. 312; *Otis* v. *Hall*, 117 id. 131; *Syczyk* v. *Szczerbaniewicz*, 233 App. Div. 344.) In *Williams* v. *Hutchinson* (*supra*) the Court of Appeals, while holding that a stepchild could not recover from his stepfather for services rendered during infancy and while supported by the stepfather, stated by way of dictum, per PRATT, J., that a stepfather " is liable for necessaries furnished to a child standing in that relation, to the same extent that he is liable for  *  *  *  his own," and that the " policy of the law seems to be to encourage and protect that relation."

A stepfather standing *in loco parentis* cannot recover for the support of a child. (*Otis* v. *Hall, supra.*) A stepfather standing *in loco parentis* may maintain an action for loss of services of an infant stepchild. (*Syczyk* v. *Szczerbaniewicz, supra.*)

Although there appears to be no case in point, this court is of the opinion that the principles enunciated in the above-cited cases are applicable in the instant case. The doctrine of estoppel which applies in the case of a man holding a woman out as his wife is logically applicable. (*Frank* v. *Carter*, 219 N. Y. 35.) There may, indeed, be questions of fact in some cases with respect to whether or no the relationship *in loco parentis* has actually been assumed. Here there are none. In the opinion of this court it would be contrary to sound public policy to permit the defendant to escape liability. His failure to adopt the child is dismissed as not controlling in the circumstances. Plaintiff's motion for summary judgment is accordingly granted, with ten dollars costs, and defendant's cross-motion for summary judgment is denied, with ten dollars costs.