**In re COHEN.**
No. 35106.
District Court, E. D. New York.
Nov. 16, 1938.

Julius L. Goldstein, of New York City (Julius L. Goldstein and Arthur Furst, both of New York City, of counsel), for Gussie Goldberg.

Isidor Sachs, of Brooklyn, N. Y., for bankrupt.

GALSTON, District Judge.

The bankrupt moves for an order permitting him to amend his schedules in bankruptcy so as to list a contingent tort claim of one Gussie Goldberg for $3,-000.

He was adjudicated a bankrupt on June 11, 1938, and his schedules, as required by the bankruptcy law, were duly filed. They did not include the claim of one Gussie Goldberg who had instituted an action in the City Court of Kings County against the bankrupt on or about December 22, 1937. In that complaint it is alleged that the defendant (the bankrupt herein) wrongfully kept a chow dog, knowing him to be ferocious and vicious and accustomed to bite and attack human beings, and that the dog attacked and bit the plaintiff, Gussie Goldberg, as a re-

366

sult of which she sustained certain injuries.

Prior to the enactment of the Chandler Act, 11 U.S.C.A. § 1 et seq., tort claims of that kind could not be proved in bankruptcy unless evidenced by judgment of a court of competent jurisdiction in an action for negligence instituted prior to adjudication.

The question presented then is whether by virtue of the Chandler Act the provision that the debts of a bankrupt may be proved and allowed against the estate if founded upon the right to recover damages in a suit for negligence instituted prior to the date of bankruptcy and pending at such time as provided in the Chandler Act, Sec. 63, subdivision a7, 11 U.S.C.A. § 103, subd. a7, is retroactive and may be applied to proceedings pending prior to the effective date of the Chandler Act.

The Chandler Act became effective on September 22, 1938. Under the heading, "Additional Amendments. Sec. 6. Affect of This Amendatory Act. Subdivision (a)", there is provided: "Nothing herein contained shall have the effect to release or extinguish any penalty, forfeiture, or liability incurred under any Act or Acts of which this Act is amendatory." 11 U.S.C.A. § 1 note.

Under the Bankruptcy Act prior to the adoption of the Chandler Act a bankrupt could be discharged only from provable debts (Sec. 17, Bankruptcy Act, Title 11, Sec. 35, U.S.Code, 11 U.S.C.A. § 35). Claims not reduced to judgment arising out of negligence suits were accordingly not dischargeable unless as above stated they had been reduced to judgment within the time limitations referred to. Hence the Goldberg claim under the old act was not only not provable but also was not dischargeable. It remained a liability of the bankrupt. To grant the relief for which the bankrupt now applies clearly would be to relieve him of a liability imposed by or resulting from the Bankruptcy Act as it was at the time that his petition was filed and the adjudication had. This relief is not provided by the Chandler Act.

Motion denied. Settle order on notice.