Carrie Collins, Appellant, v. Jeannette Isaacs, Respondent.— Appeal by plaintiff, who sues for damages for personal injuries alleged to have been caused by defendant's negligence, from an order on reargument of the City Court of White Plains, dismissing her complaint on the ground that the cause of action was barred and discharged in bankruptcy. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within ten days from the entry of the order hereon. The cause of action was not provable under the Bankruptcy Act (U. S. Code, tit. 11, § 103, subd. a, cl. [7]), because plaintiff's action was not instituted prior to and was not pending at the time of the filing of defendant's petition in bankruptcy. The judgment in favor of plaintiff's husband for expenses and loss of services caused by the injuries for which plaintiff sues, which was recovered prior to defendant's bankruptcy, was not an adjudication of plaintiff's claim against the defendant, or even evidence of defendant's liability to plaintiff. (Haverhill v. International R. Co., 217 App. Div. 521, 524; affd., 244 N. Y. 582; Berg v. Third Ave. R. R., [not officially published] 89 N. Y. Supp. 433; Furlong v. Banta, 80 Hun, 248; Syczyk v. Szczerbaniewicz, 233 App. Div. 342.) Plaintiff's claim was, therefore, not provable under clause (7) or clause (1) of the above section and subdivision of the Bank-

ruptcy Act, and was not barred. While it was alleged in the complaint that the judgment in favor of plaintiff's husband adjudicated defendant's liability to plaintiff, that was merely an erroneous conclusion of law, which was not admitted for the purposes of the motion to dismiss. (*Greeff* v. *Equitable Life Assur. Society*, 160 N. Y. 19, 29; *Irving* v. *Rees*, 146 App. Div. 703, 707.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.