Bankruptcy — Financial Responsibility — Driver's License 1. A judgment debtor's discharge in bankruptcy does not relieve him of compliance with the Financial Responsibility Act under Title 47 O. S. 7-308 (1968). To have his driving privileges restored the bankrupt must present to the Department of Public Safety a final stay of me judgment, a release, or a satisfaction of the judgment to the extent provided law. 2. A bankrupt in order to have his driving privileges restored, must, among other things, furnish proof of financial responsibility for me future. 3. A discharge in bankruptcy does not relieve the bankrupt of the requirement of posting security, unless and until the bankrupt can show to the satisfaction of the Department of Public Safety that there was a suit pending concerning the action which security is required at the time Petition in Bankruptcy was filed and that such suit has been stayed, satisfied, or released. 4. The Department of Public Safety is not required to return a security deposit upon discharge in bankruptcy, but could maintain such security until there had been an adjudication of non-liability, release, payment, stay or other termination by law of the security requirements. This will acknowledge receipt of your letter wherein you ask the following questions: "1. Does a discharge in bankruptcy in a federal court relieve a judgment debtor from the requirement of satisfying the judgment creditor as a prerequisite to the removal of a suspension under the Financial Responsibility Act? "2. Does a discharge in bankruptcy relieve a bankrupt of requirement of furnishing future proof of financial responsibility? "3. Does a discharge in bankruptcy relieve the bankrupt of the requirement of posting security with the Department of Public Safety? "4. Does a discharge in bankruptcy require the Department of Public Safety to return a security deposit to the bankrupt, if a security deposit has been posted prior to the discharge in bankruptcy?" The applicable statutes in the State of Oklahoma are contained in Title 47 O.S. 7-308 [47-7-308] as follows: "Whenever any person fails within thirty days to satisfy any judgment, then upon the written request of the judgment creditor or his attorney it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this state to forward to the Department immediately upon such request a certified copy of such judgment." Section 47 O.S. 7-310 [47-7-310], "The Department upon receipt of a certified copy of a judgment and a certificate of facts relative to such judgment, on a form provided by the Department, shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered except as hereinafter otherwise provided in this chapter." Section 47 O.S. 7-314 [47-7-314], "Such license, registration and nonresident's operating privilege shall remain so suspended and shall not be renewed, nor shall any such license or registration be thereafter issued in the name of such person, including any such person not previously licensed, unless and until every such judgment is stayed, satisfied in full or to the extent hereinafter provided and until said person gives proof of financial responsibility subject to the exemptions stated in section 7-312,7-313 and 7-317." Section 47 O.S. 7-315 [47-7-315], "A discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this chapter." The Supreme Court of the United States in Reitz v. Mealy, 314 U.S. 33,62 S.Ct. 24, 86 L.Ed. 21, and Kesler v. Department of Public Safety, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed. 2d 641,1962, held in substance that a state safety responsibility law is not invalid, under the supremacy clause of the Federal Constitution, insofar as an apparent conflict with the bankruptcy act, where it provides that when a person fails within a prescribed number of days to satisfy a judgment arising out of the ownership, maintenance, or use of a motor vehicle, the judgment creditor or clerk of the court may cause to be forwarded a certified copy of the judgment to the state department of public safety, which shall suspend the judgment debtor driving privileges until the judgment is stayed or satisfied, notwithstanding the judgment debtor's discharge in bankruptcy. The Supreme Court specifically held in Kesler v. Department of Public Safety, supra, as follows: "The Utah Statute is constitutional although it provides that a discharge in bankruptcy does not relieve a judgment debtor from paying a judgment arising out of an automobile accident as a condition of restoration of his driving privileges, because the Bankruptcy Act does not forbid a state to attach any consequence whatsoever to a debt which has been discharged." The Utah statutes are similar to the Oklahoma statutes. If a judgment debtor is discharged in bankruptcy, that discharge does not in and of itself release or relieve the bankrupt from compliance with the financial responsibility act of the State of Oklahoma. Therefore, a bankrupt judgment debtor, in order to have his driving privileges restored he must (1) have the judgment stayed, or (2) satisfy the judgment in full or to the extent provided by law, and (3) give proof of financial responsibility. In either event, he must comply with (I) and (3) or (2) and (3), and until such time as he does, driving privileges cannot be restored. Section 47 O.S. 7-314 [47-7-314], supra, provides that such license shall remain suspended and not be renewed "unless and until every such judgment is stayed, satisfied in full" "Stay" has been defined as to stop, arrest, or forbear. State Founders v. Oliver, 169 A. 59 (Md). Also "To `stay"' an order or decree means to hold it in abeyance, or refrain from enforcing it. State v. Draney, 176 P. 767 (Utah). In any proceeding, the defense of "discharge in bankruptcy" is an affirmative defense, and the judgment debtor must take the necessary steps in the court where the judgment was rendered to have the execution of such judgment "stayed". Until such stay order or satisfaction of the judgment as provided by law is received by the Department of Public Safety, driving privileges shall remain suspended. In answer to your first question the Attorney General is of the opinion a judgment debtor's discharge in bankruptcy does not relieve him of compliance with the Financial Responsibility Act, and to have his driving privileges restored, he must present to the Department a final stay or a release, or satisfaction of judgment to the extent provided by law. Section 47 O.S. 7-314 [47-7-314], supra, provides that "the license or registration shall remain so suspended and not be renewed until such judgment is stayed, satisfied in full. . . and until the said person gives proof of financial responsibility. . . ." Title 47 O.S. 7-302 [47-7-302] (1961), contains the phrase "proof of financial responsibility for the future," which is defined as follows: "The term `proof of financial responsibility for the future' as used in this chapter shall mean" Proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a vehicle of a type subject to registration under the laws of this state . . . . Wherever used in this chapter the terms `proof of financial responsibility' or `proof' shall be synonymous with the term `proof of financial responsibility for the future.'" Since the legislature has defined the term "proof of financial responsibility" and "proof of financial responsibility for the future" to be synonymous, the Attorney General is of the opinion that your second question be answered in the negative, that in addition to having the judgment stayed or satisfied, the judgment debtor must give proof of financial responsibility for the future. Only provable debts are discharged in bankruptcy. Crawford v. Burke, 195 U.S. 176,25 S.Ct. 9, 49 L.Ed. Audubon v Shirfeldt, 181 U.S. 575,21 S.Ct. 735, 45 L Ed. 1009. If a claim is not provable, a discharge does not operate as a release therefrom. Crawford v. Burke, supra. In 11 U.S.C.A. 103(a)(7) it provides: "(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . . . "(7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy ." Historically, it should be noted that the original bankruptcy act of 1898 did not have a similar provision to clause (7), supra, but did provide that an unliquidated claim in pure tort was not provable. In 48 Stat. 911, 923, 1934, (11 U.S.C.A. 03(a)(6)). Congress amended the bankruptcy act section 63 (a), as follows: "(a) Debts of the bankrupt may be proved and allowed against his estate which are: . . . . . "(6 1/2) the amount of any damages, as evidenced by a judgment of a court of competent jurisdiction in any action for negligence instituted prior to adjudication of defendant in such action in bankruptcy and pending at the time of filing of petition in bankruptcy whether voluntary or involuntary." The courts consistently interpreted that section as requiring such claim to be reduced to judgment. In Jones v. Fiesal, Minn., 1939, 204 Minn. 333,283 N.W. 535, the court stated in the syllabus: "A claim for damages for pure tort arising out of the negligence of the debtor, not reduced to judgment, is not provable as a debt under Section 63(a) (6 1/2) of the Bankruptcy Act,11 U.S.C.A. 103(a)(61/2)." See also In Re Cohen, 1938, D.C., E. Dist. NY, 25 F. Supp. 365. Subsequent to the 1934 Act, supra, the Congress enacted amendments to the Bankruptcy act, 5' Stat. 840, 873, which repealed clause (6 1/2), and adopted the aforementioned clause (7) (11 U.S.C. § (a)(7). In Collins v. Isaacs, N.Y., 1939, 258 App. Div. 806,15 N.Y.S. 2d 983, the court stated: "This cause of action was not provable under the bankruptcy act, U.S. Code, Title 11 Section 103 sub a. cl. (7),11 U.S.C.A. Section 103, sub a., cl. 7, because Plaintiff's action was not instituted prior to and was not pending at the time of the filing of defendant's petition in bankruptcy. The judgment in favor of Plaintiff's husband for expenses and loss of services caused by injuries for which Plaintiff sues, which was recovered prior to defendant's bankruptcy, was not an adjudication of Plaintiff's claim against the defendant, or even evidence of defendant's liability to Plaintiff . . . . Plaintiff's claim was, therefore, not provable under clause (7) or clause (1) of the above section and subdivision of the bankruptcy act, and was not barred." In light of the court decisions and the subsequent statutory changes, there is a manifestation of Congressional intent to change the law. In answer to your third question, the Attorney General is of the opinion that a discharge in bankruptcy does not relieve the bankrupt of the requirement of posting security with the Department of Public Safety, unless and until the bankrupt can show to your satisfaction, that the action was pending at the time of filing of petition in bankruptcy, that such claim was provable and was discharged, and the Court action is stayed or dismissed. As a practical matter, in all instances. you should require the posting of security and place the burden upon the bankrupt to show to your satisfaction that such action was provable discharged, and stayed. In that event his driving privileges may be restored upon proof of financial responsibility for the future. If the bankrupt cannot have the action stayed, then it should be presumed on your part that such debt was not provable and discharged, and thus security would be required. If a security deposit has been posted prior to discharge in bankruptcy, then such security deposit must have been shown in the Petition in Bankruptcy. If the security is a cash deposit, than such should be shown in the schedules of the Petition as an asset, and the Trustee could make claim on it or the Trustee could release it. A discharge in bankruptcy is an "affirmative defense" and must be properly pleaded by the bankrupt to take advantage of his discharge. A cause of action based on negligence not pending at the time of filing of Petition in Bankruptcy, would not be a provable debt. Therefore, the Department of Public Safety would not be required to return or release a security deposit whether cash or bond, upon discharge, but could maintain such security until there has been an adjudication of non liability, release, payment, or such other termination by law. The Attorney General is of the opinion that your fourth question be answered in the negative, that the Department of Public Safety is not required by reason of a discharge in bankruptcy to release or return security deposit posted prior to discharge in bankruptcy. The Attorney General has previously ruled in an opinion dated September 18, 1956, addressed to Mr. Jim Lookabaugh, Commissioner, Department of Public Safety, State of Oklahoma, concerning the same subject, but since the law as herein set forth was passed in 1961, this opinion will supersede the opinion of September 18, 1956. (Duane Lobaugh) (Ed. Note: this opinion is in Book 2 (the 1969) opinion book) ** SEE: OPINION NO. 71-316 (1971) **